In The United States District Court
For The Southern District Of Texas
Corpus Christi Division

United States District C[ourt]
Southern District of T[exas]
FILED

FEB - 3 2000

MICHAEL N. MILBY CLERK

Juarez Bibbs
applicant

vs.                                    Civil Action No. C-00-047

Gary L. Johnson

Application For Post-Conviction Writ
Of Habeas Corpus

To The Honorable Judge Of Said Court:

Comes Now, Juarez Bibbs, applicant in the above styled cause and files this application pursuant to 28 U.S.C. 2241 et. seq., and the Rules Governing Section 2254 Cases and will show the following:

I.

1 Applicant is a prisoner confined in the Texas Department of Criminal Justice (TDCJ). While confined in TDCJ on the McConnell Unit applicant was unlawfully (illegally) charged and convicted of Disciplinary Case No. 980242323 on April 4, 1998. The United States Supreme Court ruled when a inmate seeks to challenge the legality or unlawfulness of a disciplinary conviction Habeas Corpus is the proper remedy. See Heck v Humphrey, 114 S.Ct.

1

1.

2364, 2369 (1994).

## General Background

2. On April 4, 1998, applicant was having a contact visit with his wife. When the visit was over applicant kissed his wife goodbye. While kissing his wife goodbye he inadvertantly embraced (touched) his wife on the buttocks. Assistant Warden Diaz who witnessed the incident thereafter wrote a disciplinary case on applicant charging him with sexual misconduct Code 20 in the TDCJ Disciplinary Book. The case was graded as a Major Disciplinary Infraction. Applicant was reduced from a S3 to Line I and denied Parole due to the infraction.

## Facts And Law Involved

3. The TDCJ Disciplinary Rules and Guidelines were not followed in writing, processing and in punishing applicant. Due to such applicant's substantive and procedural rights were violated, violating applicants Due Process Rights of the 14th Amendment to the U.S. Constitution.

4. TDCJ Administrative Directive 03.76, issued April 23, 1998, states all offenders within TDCJ are required to obey the rules and regulations of the division to which they are assigned and the rules of the facilities to which they are housed. All Disciplinary Rules in which a inmate can be

2

punished for "**MUST**" provide adequate notice of the conduct prohibited and "**MUST**" be appropriately distributed or posted

5. TDCJ Visitation Rules states that kissing and embracing is allowed once at the begging of and end of a contact visit.

6. TDCJ Disciplinary Rule 20, Sexual Misconduct is defined as: Engaging in sexual acts with others, engaging in sexual acts (e.g. masturbation) in public, solicitating sexual acts from others, exposing an offenders anus or any part of his/her genitals with the intent to arouse or gratify the desire of any person, or homosexual conduct involving physical contact (e.g. kissing).

7. Sexual Misconduct in the Inmate Disciplinary Book is based on inmate to inmate contact and does not cover the visitation area.

8. The Visitation Rules clearly allows embracing (holding) and kissing.

9. Nowhere in either of these two policies does it state's that embracing (touching/holding) your wifes buttocks is prohibited. Due to this fact it is clear that Applicant did not have fair warning, nor adequate notice that touching his wife on the buttocks was prohibited (a rule infraction) and would subject him to such severe punishment, due to it is neither posted or distributed as required by TDCJ Policy.

3

## Error no. 1

10. Applicant was denied his Due Process Rights under the 14th Amendment of the U.S. Constitution due to he was punished for a disciplinary infraction he was never informed was prohibited. See <u>Reeves v. Pettcox</u>, 19 F.3d 1060, 1061 (5th Cir. 1994) ("It is a violation of due process to punish inmates for acts which they could not have known were prohibited") quoting the Supreme Courts ruling in <u>Grayned v. City of Rockford</u>, 92 S.Ct. 2294 (1972) ("We assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.)

11. Due to the above facts and case law it is clear that applicant was arbitrarily and unjustly charged and convicted thus the case should be reversed and expunged from his record.

## Error no. 2

12. The Disciplinary Case was arbitrarily graded as a Major Infraction.

13. TDCJ Disciplinary Policy states when grading a disciplinary infraction the decision "<u>will</u>" be based on the following:

   a) The nature and seriousness of the offense

4

b) The offenders disciplinary history and
c) The period of time since last rule infraction

14. Applying the above criteria to applicants case,
   a) touching his wife was not a serious offense,
   b) Applicant has never had any sexual misconduct case and
   c) applicant had not had any disciplinary infractions in a full 18 months and had not had a Major infraction in 42 months. (3½ years).

15. Due to these facts the case on applicant should not have been graded as a Major Infraction but infact should have been graded as a minor offense.

16. By the Captain not following TDCJ Disciplinary Policy in grading the case the case was arbitrarily graded as a major infraction and inmates have due process rights not to have disciplinary cases arbitrarily graded as major infractions. See <u>Staples v. Traut</u>, 675 F.Supp. 460, 466-468 (W.D. Wis. 1986) (...disciplinary case graded without considerations of the criteria outlined).

17. Applicant points out that TDCJ is under Court Order to follow its disciplinary procedures which were drafted and inacted to comport with the Supreme Courts Ruling in Wolff and due process standards of the 14th Amendment. See, <u>Ruiz v. Estelle</u>, 666 F.2d. 854, 867 (1982) ("Defendants shall forthwith conform their disciplinary practices to the requirements of <u>Wolff v. McDonnell</u>, 94 S.Ct. 2963 (1974), for proceedings in which prisoners

5

may be subjected to... loss of good time or demotion in time earning status...) See also <u>Morton v. Ruiz</u>, 94 S.Ct. 1055, 1074 (1974) (where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even when the internal procedures are possibly more rigorous than otherwise would be required.)

18. Due to the internal procedures of TDCJ were not followed the case was arbitrarily graded and used as a form of oppression, and the 14th Amendment is meant to prohibit such actions. See <u>Deshaney v. Winnebago County, DSS</u>, 109 S.Ct. 998, 1003 (1989) (... Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing its power, or employing it as an instrument of oppression." quoting <u>Davidson v. Cannon</u>, 106 S.Ct. 668, 670 (1986) See also <u>Daniels v. Williams</u>, 106 S.Ct. 662, 665 (1986) (to secure the individual from the arbitrary exercise of "powers of government from being used for purposes of oppression.") <u>See</u> also <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1919 (1981) ("to prevent the affirmative abuse of power.") Its purpose was to protect the people from the State.

19. Due to the above facts the disciplinary case should be reversed and expunged from applicants record.

## Error No. 3

20. Applicant was excluded from the Disciplinary Hearing in violation of TDCJ Policy.

6

21 TDCJ Disciplinary Policy states inmates "**shall**" be present at the disciplinary hearing and documentary evidence "**shall**" be admitted.

22 Applicant was arbitrarily and capriciously excluded from the hearing in violation of TDCJ Disciplinary Policy, thus he was denied to present documentary evidence and denied to tell his version of the case violating his substantive, procedural and due process rights of the 14th Amendment of the U.S. Constitution.

23 As stated earlier TDCJ is under Court Order to follow, conform to and comply with its Disciplinary Policy. See <u>Ruiz v. Estelle</u>, 666 F.2d at 867. Failure of a instituttion to follow its own rules is a independent violation of due process. See <u>Ruiz v. Estelle</u>, 503 F. Supp. 1265, 1356 (1980) See also <u>Morton v. Ruiz</u>, 94 S.Ct. at 1074.

24 As pointed out TDCJ Disciplinary Rules were drafted according to and to comport with the Wolff standards. The Supreme Court in Wolff 94 S.Ct. at ___ ruled due process accords prisoners the right to be present at the hearing and present documentary evidence. Failure to accord this right violates due process of the law.

## Error No. 4

25 Applicant Was Arbitrarily Punished In Extreme Disporportion To Other Inmates.

26 When The Disciplinary Hearing Officer issues out punish-

7

ment he is to follow TDCJ Policy. TDCJ Policy specifically states: When issueing out punishment the offer "**shall**" consider the following:

a) Nature and seriousness of the offense
b) Extent of injury to persons or damage to property
c) Offenders disciplinary record, including prior disciplinary reports for same or similar offense.
d) Period of time since last rule infraction
e) Penalties given to other offenders for same or similar offenses.

27 a) Applicant touching his wife was not a serious offense
b) Applicant did not damage any property nor hurt anyone
c) Applicant had never had any sexual misconduct reports nor any reports of a sexual nature
d) Applicant last major infraction was 3½ years prior and his last minor infraction was 18 months prior and
e) Other offenders are written minor cases and given minor punishment for sexual misconduct in which they knowingly violate TDCJ Policy.

28 Due to the above facts the case on applicant should have been reduced and given minor punishment.

29 By the Captain not following TDCJ Disciplinary Policy in punishing applicant he arbitrarily punished applicant in extreme disproportion to others.

30 It has been pointed out that TDCJ is under Court orders to follow its disciplinary procedures. See <u>Ruiz v. Estelle</u>, 666 F.2d at 867, and that failure to follow the internal procedures of TDCJ ~~case~~ causes the Captain to arbitrarily

8

punish applicant and used such as a form of oppression which the 14th Amendment was intended to prevent such action. See <u>Deshaney v. Winnebago County</u>, 109 S.Ct. at 1003 and pg <u>5-6</u> of this document.

## Conclusion

By Applicant being charged, prosecuted and punished for a offense which he never had prior notice nor fair warning of reveals that the disciplinary proceedings were arbitrary as well as capricious therefore intruding upon his substantive due process rights. Substantive Due Process bars arbitrary government action regardless of the fairness of the procedures used. See <u>Zinermon v. Burch</u>, 110 S.Ct. 975, 983 (1990) See also <u>Fowler v. Smith</u>, 68 F.3d, 124, 128 (5th Cir. 1995) (public officials violate substantive due process rights if they act arbitrarily or capriciously). And when a prison regulation or practice affects a fundamental Constitutional guarantee, federal courts will discharge their Constitutional duty to protect constitutional rights. See <u>Turner v. Safley</u>, 107 S.Ct. 2254, 2259 (1987). Thus its this Courts duty to grant applicant the relief he seeks.

## Relief

1) Reverse and remove the disciplinary case from applicants record.

2) Give applicant back his S3 Status and back date the good time of S3 from April 23, 1998, to this date

3) Notify the Parole Board that their decision to deny applicant parole based on the disciplinary case was in error and that applicant be granted parole.

Wherefore applicant seeks to have the decision of the disciplinary committee reversed.

Respectfully Submitted

*Juarez Bibbs*

Juarez Bibbs 649087
9601 Spur 591
Amarillo Tx. 79107

## Certificate of Service

I do hereby certify that 3 copies of this complaint was deposited in the prison mail box on this February 1st, 2000 addressed to:

U.S. District Clerk
521 Starr St,
Corpus Christi 78401

Executed 1-31-00

signed *Juarez Bibbs*