IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 21 2000

MICHAEL N. MILBY, CLERK

*JUAREZ MIGUEL BIBBS,* §
Petitioner, §
§
*V.* § CIVIL ACTION NO. C-00-47
§
*GARY L. JOHNSON, DIRECTOR,* §
*INSTITUTIONAL DIVISION, TEXAS* §
*DEPARTMENT OF CRIMINAL JUSTICE,* §
Respondent. §

**RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent ("the Director"), through the Attorney General of Texas, and files this his Motion for Summary Judgment with Brief in Support. The Director would respectfully show the court the following:

## I.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.

## DENIAL

The Director denies each and every allegation of fact made by Petitioner ("Bibbs"), except those supported by the record and those specifically admitted herein.

8.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Bibbs pursuant to a judgment and sentence of the 338th District Court of Harris County, Texas, in cause number 609873. *See* TDCJ-ID[1] Commitment Inquiry attached as Exhibit A. On April 29, 1992, Bibbs was convicted of possession of a controlled substance, cocaine, and sentenced to life imprisonment to be served in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). *Id.*

Bibbs, however, does not challenge his conviction in the instant federal habeas petition. Instead, he is challenging a prison disciplinary proceeding wherein he was found guilty of sexual misconduct, in violation of offense code 20.0 of the disciplinary rules and procedures for inmates of TDCJ-ID, in disciplinary case number 980242323. *See* TDCJ-ID Disciplinary Report and Hearing Record and Preliminary Investigation Report, attached as Exhibit B at 1. The hearing took place on April 23, 1998. Exhibit B at 1. Bibbs pleaded not guilty to the offense. Exhibit B at 1. The hearing officer found Bibbs to be guilty and assessed punishment at a loss of forty-five days of recreation privileges, forty-five days of commissary privileges, and a reduction in time earning status.

The instant petition only attacks a prison disciplinary proceeding; therefore, Bibbs's state trial court records are not necessary for a disposition of this cause.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Bibbs to allege that he was deprived of due process in hearing number 980242323 because:

1. he was never informed that the conduct he engaged in was prohibited;

2. the disciplinary violation was arbitrarily graded as a major infraction;

---

[1] "TDCJ-ID" refers to the Texas Department of Criminal Justice, Institutional Division.



ClibPDF - www.fastio.com

3. he was excluded from the disciplinary hearing in violation of TDCJ-ID policy; and

4. the punishment he received was disproportionate to the punishment other inmates have received for committing the same offense.

## IV.

## STATE COURT RECORDS

Bibbs's TDCJ-ID Commitment Inquiry is attached as Exhibit A. The disciplinary records for disciplinary hearing number 980242323 are attached as Exhibit B. Bibbs's grievance records are attached as Exhibit C.

## VI.

## EXHAUSTION OF STATE REMEDIES

Resolution of the exhaustion requirement is not necessary pending the court's determination regarding the instant motion. However, should this court deny the Director's motion, the Director reserves the right to address whether Bibbs has exhausted his administrative remedies.

## VII.

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

### *A. Standard of Review*

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record shows that the Director is entitled to judgment as a matter of law.



ClibPDF - www.fastio.com

***B. Bibbs's claims are not cognizable under federal habeas review.***

Bibbs claims that he was deprived of due process in disciplinary proceeding number 980242323. Fed Writ. Petition brief at 1-9. Bibbs's punishment consisted of a loss of forty-five days of recreation privileges, a loss of forty-five days of commissary privileges, and a reduction in time earning status. Exhibit B at 1. However, these punishments merely constitute changes in the conditions of Bibbs's confinement and do not implicate the Due Process Clause; therefore, Bibbs has not stated a claim that is entitled to federal habeas relief.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Sandin*, 515 U. S. at 485, 115 S. Ct. at 2301; *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974 (1974). It is true that prisoners do not lose all constitutional rights when they are incarcerated. *Id.* In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484, 115 S. Ct. at 2299. However,

> [T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. Furthermore, "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

Bibbs's loss of recreation and commissary privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. Rather, it constitutes a change in the conditions of Bibbs's confinement and, therefore, does not implicate the protections afforded by the Due Process Clause. *See Madison*, 104 F.3d at 768 (30 day commissary and cell restrictions do not implicate due process concerns); *see also Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301 (holding that no liberty

interest was implicated by placement in administrative segregation); *see also Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) ("administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."), *cert. denied,* 517 U. S. 1196, 116 S. Ct. 1690 (1996); *see also Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996) ("absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim").

Furthermore, Bibbs's custodial status in terms of a "line class" will not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302; *Luken*, 71 F.3d at 193. The possibility that Bibbs's time-earning class "would affect when he was ultimately released from prison 'is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.'" *Luken*, 71 F.3d at 193 (*quoting Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302). Bibbs has not shown that a change in his time-earning class "would automatically shorten his sentence or lead to his immediate release." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Moreover, the Fifth Circuit has held that the timing of an inmate's release is 'too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status,' even if the inmate is eligible for mandatory supervision release. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, Bibbs lacks standing to raise any habeas corpus challenge to the disciplinary proceeding at issue and he has not stated a claim upon which federal habeas relief can be granted.

Finally, to the extent Bibbs's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, Bibbs still has not stated a claim that invokes due process. While procedures relative to parole may affect the duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995) *cert. denied,* 516 U.S. 1059, 116 S. Ct. 736 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Bibbs's eligibility for parole, his due process rights have

not been violated. Accordingly, by challenging the disciplinary proceeding, Bibbs has not stated any claims that are cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484, 115 S. Ct. at 2300.) Therefore, the instant petition must be dismissed for failing to state a claim upon which federal habeas relief can be granted.

WHEREFORE, PREMISES CONSIDERED, the Director prays that this court grant his motion and dismiss Bibbs's federal petition with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

W. ERICH DRYDEN*
Assistant Attorney General
State Bar No. 24008786
So. Dist. Admission No. 23717

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

*Attorney in Charge

## NOTICE OF SUBMISSION

To: Juarez Miguel Bibbs, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

W. ERICH DRYDEN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, W. Erich Dryden, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 18th day of August, 2000, addressed to:

Juarez Miguel Bibbs
TDCJ-ID No. 649087
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

W. ERICH DRYDEN
Assistant Attorney General

A

```
CSIMF800/INI801              COMMITMENT INQUIRY              06/20/00 11:03:55
INMTCICS/LSA2470 /V204  TDCJ-ID NO: 00649087 SIDNO: 03579798
 NAME: BIBBS,JUAREZ MIGUEL               APPL:      STATUS: A RE BC L1   #OFF: 02
 OLD TDC#: 00587061 CNTY CONV: 101                                          72ND
 OFF-REC:     3532 PRJ RL: 01-01-9999 REC:    10-06-1993 MAX-TERM: 9999Y 99M 99D
 PEN-REC: 004.040 MAX-EX: 01-01-9999 BEGIN: 09-16-1991 PAR-ELIG: 04-09-1999
                                                        INMATE TYPE: ID
    OFFCD: 35320000 POSS C/S COCAINE                                        72ND
     PENAL:004.040  MS:Y PLEA:N CAUSE:609873            CNT:      OFF:09-16-1991
     CC  CNTY OFF:101  CNTY/CRT:101 338 MAX TERM:9999Y 99M 99D   BEG:09-16-1991
     MIN EXP:01-01-9999 MAX:01-01-9999 PAR ELIG:04-09-1999 SENTENCED:04-29-1992
     OFF TDCNO: 00649087                                    CTO DATE 01-01-0001
    OFFCD: 52030000 POSS FIREARM                                            72ND
     PENAL:046.060  MS:Y PLEA:N CAUSE:609874            CNT:      OFF:09-16-1991
     CC  CNTY OFF:101  CNTY/CRT:101 338 MAX TERM:  10Y  0M  0D   BEG:09-16-1991
     MIN EXP:08-03-1999 MAX:09-15-2001 PAR ELIG:01-01-0001 SENTENCED:04-29-1992
     OFF TDCNO: 00649087                                    CTO DATE 01-01-0001


PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC ________ OR SID ________
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

ClibPDF - www.fastio.com

# B

TDCJ-ID DISCIPLINARY REPORT AND HEARING RECORD

CASE: 980242323 TDCJ-ID#: 00649087 NAME: BIBBS,JUAREZ MIGUEL EA: 9.3
UNIT: ML HSNG: AD23 47 JOB: AD SEG PAINT SQUAD TO: 094
CLASS: S3 CUST: M2 PRIMARY LANGUAGE: ENGLISH MHMR RESTRICTIONS: YES/NO
GRADE: MA / MB OFF.DATE: 04/04/98 05:00 PM LOCATION: ML VISITATION AREA

OFFENSE DESCRIPTION

ON THE DATE AND TIME ABOVE, AND AT OUTDOOR CONTACT VISITATION AREA, INMATE BIBBS JUAREZ MIGUEL, TDCJ-ID #00649087, DID GRAB HIS VISITORS BUTTOCKS WITH HIS HAND, THE VISITOR (RHONDA BIBBS, WIFE) IN TURN RUBBED OFFENDER BIBBS CROTCH AREA WITH HER HAND.

CHARGING OFFICER: DIAZ, M. WARDEN II SHIFT/CARD: 1 B

INMATE NOTIFICATION

TIME & DATE NOTIFIED: 8:50 4-7-98 BY:(PRINT) M Moreno CS1
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. INMATE NOTIFICATION SIGNATURE: [signature] DATE: 4-7-98
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
INMATE WAIVER SIGNATURE: XX DATE: ______

HEARING INFORMATION

HEARING DATE: 4-23-98 TIME: 1411 TAPE# DUD800 SIDE# A START# 000 END# 039
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF HEARING, (2)IF ACCUSED INMATE WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3)IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4)IF ANY WITNESSES OR (5)DOCUMENTATION WAS EXCLUDED FROM HEARING, AND (6)IF INMATE WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING. (3) Capt Caballero notified I/M that he was going to dis hearing and he became disruptive while waiting in the bldg multi-purpose room. I/M was throwing a trash can around the M/P room.

| | | | | |
|---|---|---|---|---|
| OFFENSE CODES: | 20.0 | | | |
| INMATE PLEA: (G, NG, NONE) | NG | | | |
| FINDINGS: (G, NG, DS) | G | | | |

REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)______
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A)ADMISSION OF GUILT, (B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: officers report

HEARING LENGTH: 11 (MINUTES)

PUNISHMENT

LOSS OF PRIV(DAYS)____ REPRIMAND............ ____ SOLITARY(DAYS)........____
*RECREATION(DAYS) 45 EXTRA DUTY(HOURS)........ ____ REMAIN LINE 3..........
*COMMISSARY(DAYS) 45 CONT.VISIT SUSP THRU __/__/__ REDUC.CLASS FROM S3 TO L1
*PROPERTY(DAYS)..____ CELL RESTR(DAYS)........ ____ GOOD TIME LOST(DAYS).____
*________(DAYS)..____ SPECIAL CELL RESTR(DAYS).____ DAMAGES.........$______
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:

Deter & value of the punishment imposed

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)______ NO / NA
DATE PLACED IN PRE-HEARING DETENTION ______
INMATE SIGNATURE FOR RECEIPT OF FINAL REPORT: Absentia

D. Blackwell

HEARING OFFICER (PRINT) WARDEN STATE CLASS.COMMITTEE MEMBER

(FORM I-47MA)CONTACT YOUR CORRECTIONAL COUNS IF YOU DO NOT UNDERSTAND THIS FORM;
(REV. 03-90) COMUNIQUESE CON SU CONSEJERO CORRECCIONAL SI NO ENTIENDE ESTA FORMA

ClibPDF - www.fastio.com

242323

# TDCJ-INSTITUTIONAL DIVISION
## OFFENSE REPORT

TDCJ-ID No. 649087 Inmate: Bibbs, Juarez
(Last Name, First)

Unit: ML Housing Assign.: 4D-47B Job Assign.: AD SE6 Paint Sqd

Offense Level, Code, Title: Level II, Code 20, Sexual Misconduct

Offense Date: 4/4/98 Time: 1700 hrs General Location: Outdoor Contact Visit area

OFFENSE DESCRIPTION:
On the date and time listed above, and at Outdoor Contact Visitation Area
(enter specific location)

Inmate Juarez Bibbs, TDCJ-ID No. 649087, did grab his visitors buttocks with his hand. The visitor (Rhonda Bibbs, wife) in turn rubbed offender Bibbs' crotch area with her hand.

additional Info: while proceeding towards visiting area I glanced into the outside visit area and observed inmate Bibbs rubbing and squeezing his wifes gluteus with his right hand. His wife in-turn lowered her hand and rubbed the offenders crotch area. ~~when one who~~ It was at this point in time that offender Bibbs and I made eye contact and he appeared to state something to his wife and they hastily proceeded into the building.

(Continue on an additional sheet if necessary.)

Witnesses: ______

06 APR 1998

Name of Charging Officer/
Employee (Print): M.A Diaz Rank/Title: Warden II

Shift: 1/2 Card: B Signature: [signature] Date: 4/5/98

Approving Supervisor's Signature: [signature]

| | Officer | Supervisor |
|---|---|---|
| Was Informal Resolution Appropriate? | Yes/No (No circled) | Yes/No (No circled) |

MHMR Restrictions: Yes/No EA: ______ IQ: ______ Primary Language: ______

Grade: Major [✓] Minor [ ] Grading Official (Print): M. Bradshaw Rank: Capt.

I-210 Front (Rev. 1/95)

2

INSTITUTIONAL DIVISION
**PRELIMINARY INVESTIGATION REPORT**

This report is to be completed by a supervisor of the rank of sergeant or above, on each Offense Report that is to be reviewed by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. If the Offense Report was written by a supervisor, then this report is to be completed by another supervisor.

Inmate: Juarez Bibbs TDCJ-ID No. 649082

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense, e.g., "Refusal to Work": has two elements: 1) not working, and 2) no valid excuse.)?

Offense Code 20: Yes [✓] No [ ] Offense Code ______: Yes [ ] No [ ]
Offense Code ______: Yes [ ] No [ ] Offense Code ______: Yes [ ] No [ ]

2. ADDITIONAL INFORMATION. Has the charging officer included supporting information or evidence to supplement the standardized pleading such as: (write "Yes", "No" or "NA" [not applicable]" by each item.)

N/A a. listing other witnesses to the incident,
N/A b. documentary evidence, e.g., photographs of contraband, etc.
YES c. additional information about the offense.

3. **ACCUSING OFFICER** states that while terminating visits on 4/4/98 I observed the offender and his visitor caressing each others private parts.

4. **WITNESS STATEMENTS** (employee or inmate; complete if applicable). N/A

5. **DOCUMENTATION.** complete if applicable. Documents reviewed (lay-ins, appointments, medical records, etc.) indicated that: N/A

6. **ACCUSED INMATE'S STATEMENT.** Accused inmate's version, explanation, justification, or rationale for allegedly committing offense is as follows: When the visit was over I kissed my wife and caressed her on the buttocks.

7. **INFORMAL RESOLUTION** was not appropriate or not possible on the offense (s) the inmate has been charged with because: Offenders will not behave that way in visitation.

R. Glover Cpt. 4-5-98
Name of Investigating Officer (Print) Rank Date Investigation Completed:

[signature] Capt. 4-5-98
Approving Supervisor's Signature Rank Date

I-210 Back (Rev. 1/95)

CSDSP005 T.D.C.J. - INSTITUTIONAL DIVISION 04/06/98
ML - ML49 MAJOR GRADING REPORT 09:24:55
PAGE 1

TDCNO: 00649087 NAME: BIBBS,JUAREZ MIGUEL GOOD TIME: 0003 07 10
CLASS: S3 CUSTODY: MI WORK TIME: 0002 08 10
RESTRICTIONS:

**** LAST 180 DAYS CONVICTIONS

| OFF DATE | HEAR DATE | REPORT NUMBER | OFF CODE | DESCRIPTORS | LVL | ***********PENALTY(S)*********** REP/SOL/CLASS/ TIME/XD/CR/PR/CV |
|---|---|---|---|---|---|---|

NO CONVICTIONS ON FILE FOR LAST 180 DAYS

***** PENDING CASES

| OFF DATE | CASE NUMBER | OFF CODE | DESCRIPTORS | GRADE | DISPOSITION |
|---|---|---|---|---|---|
| 040498 | 980242323 | 20.0 | SM | | |

END OF PENDING CASES

4

ClibPDF - www.fastio.com

# SERVICE/INVESTIGATION WORKSHEET

INMATE/OFFENDER PLEA: not guilty

DISCIPLINARY REPORT # 980242323 DATE AND TIME SERVED: 4-7-98 8:50

NAME OF INMATE/OFFENDER Bibbs, J TDCJ#: C0649087 UNIT/FACILITY: ML

INMATE/OFFENDER WAS INFORMED OF THE FOLLOWING RIGHTS:

| YES | NO | |
|---|---|---|
| ✓ | | To call and question any witness. If so, list no |
| ✓ | | To present documentary evidence. If any, list no |
| ✓ | | To be represented by Counsel Substitute. Name M Moreno CSL |
| ✓ | | To call and question charging officer at hearing. |
| ✓ | | The accused inmate/offender understands the report, the charges, and his rights. |

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE H.

(a) inmate/offender in Ad. Seg. (b) EA below 5, IQ below 73 (c) MROP (d) literacy is questionable (e) inmate/offender has difficulty understanding English (f) inmate/offender has requested CS (g) inmate/offender has requested witness that cannot attend (h) complexity of case warrants CS assistance.

1. I have read and studied this report on 4-7-98 (date). The accused inmate/offender has been charged with (a) 20.0 (b) ~~(c) (d)~~ The officer's report clearly and completely describes the incident in question (YES or NO) and the charges listed were reviewed with reference to the TDCJ Disciplinary Rules and Procedures (YES or NO). The offense description in the report substantiates that each of the alleged offenses were violated (YES or NO). ★ If any are answered NO, explain:

2. The accused inmate/offender was interviewed on 4-7-98 (date). The accused inmate/offender stated he/she violated the following offenses (a) ~~(b)~~ (c) (d) .
★ If the inmate/offender admits each and every offense alleged was violated, sign and turn in to supervisor. The accused inmate/offender stated he/she did not violate the following offenses (a) 20.0 (b) (c) (d) .
The accused inmate/offender was asked why he/she did not violate these offenses and (1) his written statement has been included, or (2) his excuses, reasons, and/or defenses. Check one ___ 1 ✓ 2. Be sure to record all pertinent circumstances and information: witnesses' names, places, things, documents, physical evidence, times, etc.

I plea guilty to touching my wife's buttocks but not to sexual misconduct.

C

ClibPDF - www.fastio.com

# AFFIDAVIT

**STATE OF TEXAS** §
§
**COUNTY OF WALKER** §

My name is Susan L. Schumacher. I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am employed as the Assistant Administrator of Offender Grievance for the Texas Department of Criminal Justice and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of Offender Grievance Records. I have reviewed the grievance records on Offender **Juarez Bibbs**, TDCJ #649087, Cause Number C0047, and hereby certify that the attached documents requested for the time period of April 1998 to the present specifically regarding ***disciplinary case #19980242323***, are true and correct copies of the grievance records now on file in my office. I further certify that the records attached hereto are maintained in the usual and regular course of business at the Office of Offender Grievance for the Texas Department of Criminal Justice.

In witness whereof, I have hereto set my hand on this the 29th day of June 2000.

Susan L. Schumacher
Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Linda R. Richey on this day personally appeared Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Given my hand and seal of office on this the 29th day of June 2000.

NOTARY PUBLIC · STATE OF TEXAS
LINDA R. RICHEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-17-2003

Linda R. Richey
NOTARY PUBLIC in and for
The State of Texas

ClibPDF - www.fastio.com

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION
## INMATE GRIEVANCE FORM
FORMA PARA QUEJAS DE LOS PRESOS

STEP 2
PASO 2

Inmate Name: Juarez Bibbs (LN)
Nombre Del Preso

Inmate TDCJ Number: 649087
Numero Del TDCJ Preso

Unit: ML
Unidad

Housing Assignment: 4 D 47
Vivienda Asignada

**OFFICE USE ONLY / Para Uso De La Oficina Solamente**

Unit Number: 98109711
UGC Date Rec'd: JUL 14 1998
RGC Date Rec'd: JUL 17 1998
Code: 423
RGC Number:
UGC Signature: (SM)
RGC Signature: AP

INMATE'S REASON FOR APPEAL (State specific dissatisfaction) / RAZON QUE DA EL PRESO PARA APELAR (Especifique el motivo de su dis-atisfaccion): Grievant is appealing due to the Warden was bias while reviewing the errors concerning Grievant's disciplinary conviction and he flat out refused to apply the Disciplinary Rules of TDCJ to the facts of Grievant's case when reviewing the errors Grievant pointed out in his case. The errors are as follows:

Error No. 1: There was not a informal resolution attempted before writing Grievant the disciplinary infraction as outlined in the officers and offenders Disciplinary Books. (See Step one Grievance violation No. 1)

Error No 2: Grievant's Disciplinary record or case history was not considered in processing this disciplinary case nor was his

Juarez Bibbs 7-14-98 See next page

Inmate's Signature / Firma Del Preso — Date / Fecha

REGIONAL DIRECTOR'S Decision and Reason / Decision Del DIRECTOR REGIONAL y Razones:

Appeal denied. A review of major disciplinary case #980242323 revealed no violation of due process requirements or abuse of discretion by the hearing officer, regarding your specific point of appeal, unit staff will determine if informal resolution is appropriate or not. Your previous disciplinary history was considered when the punishment was assessed. Your behavior immediately before the hearing, justified holding the hearing in absentia. There does not appear to be sufficient reason to warrant overturning this case.

[signature] 7-30-98 Douglas Dretke

Regional Director's Signature / Firma Del Director Regional — Date / Fecha

If you are not satisfied with the Regional Director's Response, you may appeal to the Deputy Director through your Unit Grievance Coordinator.(See reverse side for further instructions.) / Si usted no esta satisfecho con la Decision del Director Regional puede apelar al Deputy Director por medio del Coordinador de Quejas de su Unidad.(Vea el reverso donde hallara instrucciones adicionales.)

I - 128 (Rev. 3/90) — 8/23 — J0342/p1

disciplinary case hist[illegible] considered in giving [illegible] it the punishment inwhich Grievant recieved. Grievant has not had a major case in 3 years 6 month's and has not had a minor case in 2 years 9 month's, yet this case was processed as a major case and Grievant was reduced from a S3 to Line 1 for touching his wife on the butt while kissing her goodbye at his contact visit. The TDCJ Disciplinary Rules specifically state in processing a major case the factors to be considered are 1) the inmates case history 2) the last rule infraction and 3) the seriousness of the offense. None of these factors were considered in Grievant's case thus violating TDCJ Disciplinary Rules/Procedures and violating Grievant's Due Process Right's. Grievant has a exceptional case history and his touching his wife's butt inadvertently while kissing her goodbye does not threaten the safety or security of the institution. Due to such it is clear that Grievant was "**unjustly**" and "**severly**" punished due to he recieved punishment as a offender who repeatedly and knowingly violates the Institutional Rules (a repeat offender) Due to these facts it is clear that the TDCJ Disciplinary Rules were not followed and the Disciplinary captain was biased and abused his discretion in this case. (See Step one Grievance violation No. 4)

Error No. 3: There is no posted or written TDCJ Rule or I.O.C that states it is a rule infraction to touch your wifes butt. The rules must put inmates on notice what is prohibited and what is not prohibited. (Rules must be posted or written) (See Step One Grievance Violation No. 2)

Error No 4: Grievant touching his wifes butt is not sexual nor sexual misconduct. (See Step One Grievance Violation No. 3)

JUL 14 1998

Error No. 5: A Co 3 excluded/prevented Grievant from attending his disciplinary hearing thus preventing him from presenting any evidence in his behalf thus violating the TDCJ Disciplinary Rules as well as violating Grievant's Due Process Rights. TDCJ Disciplinary Rules specifically state a inmate attend his major hearing and cannot be excluded unless he refuses to attend, is a security risk or is disruptive during the hearing. (See Step one Grievance violation no. 5)

By the five errors presented in this case it is clear that the TDCJ Disciplinary Rules were violated as well as the officers Code of Conduct PD 21 thus violating Grievant's Due Process Rights.

The TDCJ Disciplinary Rules/Procedures were written to be followed by TDCJ employees and must be followed to provide inmates with Due Process of the law, failure to do so violates the inmates due process rights and the P.D. 21. P.D. 21 No. 13 Intentional failure To obey Any Legal Order From Proper Authority states: Any Legal order issued by proper authority must be obeyed promptly by the employee. Legal orders are not limited to verbal instructions they include written policy, procedures and statutory authority.

P.D. 21 No. 20 Violation Of Statutory Authority/Court Orders/Rules/Regulations/Policies states: It is the employee's responsibility to know, have a clear understanding of, and comply with rules, regulations, policies court orders and statutory authority.

Due to the above facts it is clear that the TDCJ Disciplinary Rules were violated thus denying Grievant his Due Process Right's therefore this case should be reversed/over-turned or in the alternative give grievant minor punishment.

JUL 14 1998

ClibPDF - www.fastio.com

On April 7, 1998, I was served a major case for sexual misconduct Disciplinary case number 980242323.

I was denied my Due Process Right in five instance in this case and they are as follows:

Violation No. 1

There "was not" a informal resolution attempted in this case.

In the TDCJ Disciplinary Rule Book on pg. 1 under I. General Procedures A. Reporting Infraction it states: When a TDCJ employee witness or has knowledge of any act by an inmate which is in violation of the rules and regulations of the Institution the employee "first" will attempt, if appropriate to resolve the matter informally. Such informal resolution may include counseling, verbal reprimand, or the giving of an instruction, warning or order.

MAY 04 1998

This should and was suppose to be informally resolve but as it stands none of the above guidelines of TDCJ were followed. This not only violates TDCJ Rules and Regulations it violates my due process right to the 14th amendment of the United States Constitution. In the Ruiz Final Judgement (Decree) under disciplinary at pg 4 No. III it states that TDCJ shall comply with their disciplinary rules and guidelines. See also Ruiz v. Estelle, 503 F. Supp 1265, 1356 (S.D. Tex 1980) (stating a prison's failure to follow its own procedural rules is an independant violation of due process) See also Doe v. Rains County Independent School Dist., 66 F3d. 1402, 1413 (5th Cir.) and Brown v. Texas A & M, 804 F2d 327, 335 (5th Cir. 1985) (State agency failure to follow own rules violates due process) Due to these facts and supporting case law this case should be dismissed.

Violation No. 2

I did not have "prior notice" or "fair warning" that my conduct

was prohibited or that it was a Rule Infraction.

There is "no" I.O.C. nor rule in the visitors Rules or Disciplinary Rules that say's a inmate cannot touch his wifes buttocks. Again I inadvertently touched my wifes butt while kissing her goodbye at the end of my visit. Kissing and embracing is allowed.

It is a known fact and common sense that you cannot write a inmate a case for violating rules that are not written or posted. It is also Federal law that say's a inmate cannot be punished for a rule infraction unless it is posted or he is given "fair warning" or "prior notice" that his conduct is in violation of TDCJ Rules and Regulations. See Ruiz v. Estelle, 503 F. Supp at Pg 1352 Under No. 27, Adams v. Gunnell, 729 F2d. 362, 364 (5th Cir. 1984) and see Reeves v. Pettcox, 19 F3d 1060, 1063 (5th Cir. 1994) which is attached with this document. Please notice highlighted parts on Pg's. 1060, 1061 and 1062 (Exhibit K

Due to the Federal Courts ruling's I can not be written a disciplinary case for violating rules that are not posted or that I did not recieve "fair warning," to do so violates my due process right's. Thus it is clear that the warden abused his discretion and authority and acted arbitarily thus this case should be dismissed.

Violation No. 3

MAY 0 4 1998

My actions was not sexual misconduct

The Inmate Disciplinary Rule book at Pg 19, No. 20 Under sexual misconduct states: Sexual misconduct is engaging in sexual acts with others, engaging in masturbation in public, soliciting sexual acts from others, exposing an inmates anus or any part of his/her genitals with the intent to arouse or gratify the sexual desire of any person, or homosexual conduct involving physical contact.

As I stated earlier, I inadvertently embraced (touched) my wifes butt while kissing her goodbye at the end of my visit.

Inmates are allowed to kiss and embrace their wives and this is not considered sexual in any way. Therefore how can I be written a sexual misconduct case for inadvertantly touching my wifes butt while embracing her at the end of my visit ?

Furthermore sexual misconduct in the inmate handbook is clearly for inmate to inmate not husband to wife while kissing goodbye at the end of a visit. I only touched my wifes butt while kissing her goodbye, and this does not constitute sexual misconduct.

Violation No. 4

This case should not have been processed as a major case:

In the disciplinary Rule Book on pg 2 it states: The factors that are to be considered in processing a disciplinary case as a major case are 1) the nature and seriousness of the offense 2) the inmates disciplinary history and 3) the period of time since last rule infraction. None of these guidelines were followed in this case. Again TDC must follow its own Rules Ruiz v. Estelle, 503 F. Supp. at 1356.

My case was not a serious offense. It does not threaten the safety or security of the institution. I would also point out that my actions was not done intentionally with the intentions to knowingly or willfully violate any rules or guidelines of TDCJ. Lastly, I have not had a minor case in well over 18-20 month's and I have not had a major case in three (3) years three (3) month's, and I have never had a case such as this. Due to this, this case should have been processed as a minor.

MAY 04 1998

Violation No. 5

I was excluded from the disciplinary hearing in violation of the TDCJ Disciplinary Rules:

On April 23, 1998, I was called to the searg's desk and told that Captain Blackwell was coming to hold major court. This was at 12:00pm. At 2:00-2:30 Captain Blackwell had not came to four Bldg. At this time I had ~~to~~ been waiting in the multipurpose room during the entire 2 hours, and I had to take a bowel movement (no. 2) but there was no toilet paper in the multipurpose room. I asked officer Willeford Guy if I could get some toilet paper he said it wasn't any. I then asked him if I can go to my cell to relieve myself and he said Hell no! I tried to explain to said officer that I had been holding my body fluids for twotell hours therefore I needed to relieve myself. Said officer refused to allow me to relieve myself thus a arguement erupted with me demanding that I be allowed to relieve myself. Said officer allowed me finally to go to my cell to relieve myself.

On April 24, 1998, I recieved a notice in the mail that my disciplinary hearing was conducted without me. The reason I was excluded was that I was disruptive and throwing trash cans around.

On April 25, 1998, I talked to Captain Blackwell and asked why was I excluded from my hearing. He stated that officer Willeford informed him that I was disruptive, unrully and throwing trash cans around.

MAY 04 1998

The disciplinary Rule Book specifically states at pg 4 Presence of inmate states that: inmates "shall not" be excluded from a major hearing unless he is disruptive "during" the hearing, "refuses" to attend or is a "security threat or risk."

My argueing with officer Willeford 20 minutes prior to my disciplinary hearing about being allowed to releieve myself of my body fluids has "no bearing" and "should not" be considered for excluding me from my disciplinary hearing. Thus Captain Blackwell denied me my due process right's by not allowing

me to present evidence, confront the charging officer and defend myself. This is a arbitary decision and violates my Due Process Right's to the U.S. Constitution 14th amendment. See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (stating inmate due process right's are violated if he is not allowed to present evidence at disciplinary hearing) Furthermore I have five (5) witnesses statement's that say's I never through no trash cans. (See Exhibit B) In fact if it was true that I was disruptive, unrully and throwing trash cans around (which indicates a violent inmate) as officer Willeford claims why wasn't I locked up, written a disciplinary case for destroying state property or creating a disturbance? This within itself is evidence that officer Willeford fabricated the story of me throwing trash cans.

It should also be considered that I have written officer Willeford up on at least two Grievances thus he is fabricating and exagerating the dispute we had as a retalitory measure. He is also retaliating against me for demanding that I be allowed to relieve myself in which he clearly did not want me to do for his own diabolical reasons.

Due to these factors it is clear that Captain Blackwell made a arbitary decision and acted without discretion in excluding me from my disciplinary hearing thus violating my Due Process Right's by denying me the opportunity to present evidence and confront the charging officer.

It is clear that ~~thought~~ through out this whole entire incident none of the rules or guidelines of TDCJ were followed thus I was denied due process from the start to finish. TDCJ Disciplinary Rules are inacted to protect Due Process right's of prisoners and are to be followed. See again Ruiz v. Estelle, 503 F. Supp. at 1356

MAY 04 1998

# Exhibit

# A

Supporting Case law

MAY 04 1998



ClibPDF - www.fastio.com

Case 2:00-cv-00047 Document 8 Filed in TXSD on 08/21/2000 Page 27 of 37



tlement no longer exists. *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) (determining "whether the plaintiff has asserted a violation of a constitutional right at all" is a "necessary concomitant" to determining whether the defendants violated a clearly established right); *see also Spann v. Rainey,* 987 F.2d 1110, 1114 (5th Cir.1993) (officers are entitled to qualified immunity if they did not violate rights secured by the Constitution). The district court correctly omitted any analysis of inadvertent discovery.

[13] Even under the law as it existed at the time of the search, the inadvertent discovery requirement was not clearly established for the purposes of qualified immunity analysis. *See Buckley,* — U.S. at —, 113 S.Ct. at 2613. Several courts had questioned the inadvertent discovery requirement before the search of Moore's residence took place, and only a plurality of the Supreme Court originally propounded the requirement. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The Supreme Court had granted certiorari in *Horton* by the time of the search, further casting doubt on the continuing validity of the inadvertence requirement at the time. Thus, even if a defunct constitutional right could support a *Bivens* action, the agents would be entitled to qualified immunity because the right was not clearly established at the time of the search.

## III. CONCLUSION

This court has jurisdiction to decide the issues in this case. Moore has raised no factual issues which cast doubt on the constitutionality of the IRS agents' actions. The agents entered Moore's residence pursuant to a valid Writ of Entry,[8] discovered Moore's files in plain view while executing the Writ of Entry, and seized the contents of the files pursuant to a valid warrant. The district court therefore should have granted summary judgment in favor of the defendants in Moore's civil action based on qualified immunity.

The order denying summary judgment is REVERSED, and judgment is RENDERED in favor of the defendants.




Joe REEVES, Plaintiff–Appellant,

v.

N.A. PETTCOX, Hearing Officer, Coffield Unit, et al., Defendants–Appellees.

No. 93–4172.

United States Court of Appeals, Fifth Circuit.

April 29, 1994.

Prisoner filed lawsuit, pro se and in forma pauperis, complaining that a disciplinary proceeding had violated his constitutional right to due process. The United States District Court for the Eastern District of Texas, Judith K. Guthrie, United States Magistrate Judge, ruled that prisoner had waived his rights. Appeal was taken. The Court of Appeals held that: (1) defendant had due process right to be informed in advance of conduct that would be deemed violative of regulations, and (2) that he would not be deemed to have waived that right by plea of guilty made when he did not have the benefit of representation of counsel.

Reversed and rendered.

1. Constitutional Law ⟹272(2)

It is violation of due process to punish inmates for acts which they could not have known were prohibited. U.S.C.A. Const. Amend. 5.

8. One agent named in Moore's suit, MacDuffie Herrod, was on leave during the events in question, and Moore agrees that summary judgment should have been granted as to defendant Herrod. That conclusion, however, loses importance given that the district court should have granted qualified immunity in favor of all of the IRS agents.

MAY 04 1996

(8)

sed on qualified immu-

summary judgment is
gment is RENDERED
dants.

BER SYSTEM

laintiff–Appellant,

v.

uring Officer, Coffield
endants–Appellees.

3–4172.

Court of Appeals,
Circuit.

29, 1994.

suit, pro se and in for-
ing that a disciplinary
ted his constitutional
. The United States
e Eastern District of
uthrie, United States
led that prisoner had
ppeal was taken. The
d that: (1) defendant
ht to be informed in
hat would be deemed
, and (2) that he would
e waived that right by
en he did not have the
ion of counsel.

ndered.

w ⚷272(2)

due process to punish
h they could not have
ed. U.S.C.A. Const.

. however, loses impor-
istrict court should have
nity in favor of all of the



**2. Prisons ⚷13(1)**

Inmate is entitled to prior notice or fair warning of proscribed conduct before severe sanctions may be imposed. U.S.C.A. Const. Amend. 5.

**3. Prisons ⚷13(10)**

As courts may act only when arbitrary or capricious action in connection with prison discipline is shown, disciplinary proceedings will be overturned only where there is no evidence whatsoever to support decision of prison officials. U.S.C.A. Const.Amend. 5.

**4. Prisons ⚷13(1, 5)**

Prisoner could not be subjected to discipline for violation of solitary confinement requirement that trays be left within confines of cell; prisoner had no notice of that rule in advance of committing infraction. U.S.C.A. Const.Amend. 5.

**5. Prisons ⚷13(1, 9)**

Prisoner did not waive right to be informed that he was required to keep his food tray within his cell, before he could be subjected to prison discipline for violating rule, even though he had pleaded guilty to offense and it was claimed that plea constituted waiver of all nonjurisdictional claims; defendant had not been represented by an attorney, and could thus not be expected to know waiver effect of guilty plea. U.S.C.A. Const. Amend. 5.

---

Joe Reeves, pro se.

Appeal from the United States District Court for the Eastern District of Texas.

Before ALDISERT*, REYNALDO G. GARZA and DUHÉ, Circuit Judges.

PER CURIAM:

The plaintiff Joe Reeves is an inmate presently confined in the Texas Department of Criminal Justice, Institutional Division. While in solitary confinement, Reeves was disciplined for placing his food tray in the "run" outside of his cell. As a result, he received a disciplinary case for violating a rule requiring all food trays and utilities to remain inside the inmate's cell until they are picked up. Although this action by Reeves was in fact a violation of prison policy, Reeves had not been on notice that this action was proscribed. During a hearing before prison officials, Reeves entered a guilty plea. Reeves filed a lawsuit *pro se* and *in forma pauperis* complaining of a violation of his Constitutional right to due process. During an evidentiary hearing conducted pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985), the magistrate judge ruled that Reeves' guilty plea waived all nonjurisdictional claims that Reeves may have had, including Reeves' claim that he cannot be punished for conduct of which he has no notice. We disagree.

[1, 2] The Fifth Circuit has expressly held that it is a violation of due process to punish inmates for acts which they could not have known were prohibited. *Adams v. Gunnell,* 729 F.2d 362, 369–70 (5th Cir.1984). An inmate is entitled to prior notice, or "fair warning," of proscribed conduct before a severe sanction may be imposed. *Id.* "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

In this case, the preponderance of credible evidence indicates that Reeves could not have known that the conduct was prohibited before he was charged with the disciplinary offense. Three witnesses testified that inmates coming into solitary are not given copies of the rules, and that there is no chance to read any of the IOC's (inter-office communications) posted on the solitary confinement bulletin board. The defendants offered no witnesses with personal knowledge that IOC's are actually handed out to inmates in solitary and no evidence that inmates are given a meaningful opportunity to read the bulletin board.

* Circuit Judge of the Third Circuit, sitting by designation.

MAY 04 1998

[3] We have stated that the federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. *Smith v. Rabelais*, 659 F.2d 539, 545 (5th Cir.1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials. *Id.* A de novo factual review is not required. *Id.* However, this issue is purely legal, and will be reviewed de novo.

[4, 5] Although Reeves candidly admits that he pleaded guilty to the charge of violating a posted rule, an examination of the evidence demonstrates that he apparently could not have known that putting his tray on the run was prohibited before he received the disciplinary case. That plea in no way waives his right to present his defense of lack of notice. In light of this finding, the decision reached by the prison board is both arbitrary and capricious.

Reeves' admission that he pleaded guilty at the disciplinary hearing cannot constitute a waiver of his due process claim. *Contra Perry v. Davies*, 757 F.Supp. 1223 (D.Kan. 1991) (inmate who pleads guilty in disciplinary hearing cannot claim due process violation). *But see Smith v. Estelle*, 711 F.2d 677 (5th Cir.1982) (guilty plea in criminal case waives right to challenge all nonjurisdictional defects except those directly related to the plea). In a criminal proceeding, a defendant is represented by counsel, and the district court explains the charges against the defendant, the penalties he is subject to, and the rights he is waiving by pleading guilty. *See* Fed.R.Crim.P. 11. An inmate pleading guilty in a prison disciplinary hearing is not protected by the same procedural safeguards.[1] We therefore do not give the same preclusive and binding effect to a guilty plea in a disciplinary hearing.

Reeves' does not waive the notice defect. He was entitled to a fair warning, or fair opportunity to know, that his conduct was prohibited before being punished for that conduct, and the facts show that he did not have that opportunity. We accordingly reverse the lower court's decision.

Consequently, Reeves' request for appointment of counsel is denied. *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982) (no general right to counsel in civil rights cases).

REVERSED AND RENDERED.




UNITED STATES of America, Plaintiff–Appellant,

v.

Paul HOLMBERG and Mariana C. Holmberg, Defendants–Appellees.

No. 93–3468.

United States Court of Appeals, Fifth Circuit.

May 2, 1994.

Rehearing Denied June 7, 1994.

Seaman, who was injured while working aboard vessel owned by United States and

1. The record reflects that Reeves was represented by counsel-substitute during his disciplinary hearing. However, counsel-substitute may include a competent fellow inmate, a correctional staff member, or a law student. *See Wolff v. McDonnell*, 418 U.S. 539, 592, 94 S.Ct. 2963, 2992, 41 L.Ed.2d 935 (1974) (Marshall, J., concurring and dissenting). We take little comfort that persons of such limited legal instruction will ensure and enforce the due process required for prison disciplinary proceedings. *See Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983) (stating that an informal, nonadversary, evidentiary review is sufficient for an inmate representing a security threat and who may be confined to administrative segregation when the inmate (1) receives some notice of the charges against him, and (2) has an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation); *Wolff*, 418 U.S. at 563–67, 94 S.Ct. at 2978–80 (holding that in a prison disciplinary proceeding where an inmate is to be punished with administrative segregation and loss of good time, an inmate is entitled to (1) advance written notice at least 24 hours in advance of the charges against him; (2) written statement of the factfinders as to evidence relied upon and reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence so long as doing so does not constitute a security risk).

MAY 04 '98

# Exhibit

# B

affidavit's of witnesses

MAY 04 1998

# AFFIDAVIT

PURSUANT TO TITLE 28 UNITED STATES CODE SECTION 1746, I PLAINLY STATE, MY NAME IS REGINALD MILLER, MY TDCJ NO.#690713. I AM OF SOUND MIND CAPABLE OF MAKING THIS AFFIDAVIT, AND DO HEREBY DECLARE UNDER OATH AND PENALTY OF PERJURY THAT THE FACTS SET OUT BELOW ARE TRUE AND CORRECT AND WITHIN MY PERSONAL KNOWLEDGE.

ON APRIL 23, 1998, AS I WAS COMING INTO 4 BUILDING FROM THE RECREATION YARD AFTER COUNT CLEARED I WITNESSED AND OVERHEARD INMATES BIBBS ARGUE WITH OFFICER GUY WILLEFORD. INMATE BIBBS WAS REQUESTING TO BE ALLOWED TO GO TO HIS CELL TO USE THE RESTROOM DUE TO HE HAD BEEN IN THE MULTI PURPOSE ROOM FOR AWHILE. OFFICER WILLEFORD TOLD INMATE BIBBS "HELL NO. YOU CAN'T GO USE THE RESTROOM, YOU HAVE TO WAIT FOR CAPTAIN BLACKWELL." INMATE BIBBS DID DEMAND THAT HE BE ALLOWED TO USE THE RESTROOM, BUT AT NO TIME DID INMATE BIBBS THROW A TRASH CAN.

## DECLARATION

I, REGINALD MILLER, BEING PRESENTLY INCARCERATED IN TDCJ, DECLARE UNDER OATH THAT THE FOREGOING IS TRUE AND CORRECT.

MAY 04 1998

EXECUTED: 4-25-98 SIGNED: Reginald Miller 690713

# AFFIDAVIT

PURSUANT TO TITLE 28 UNITED STATES CODE SECTION 1746, I PLAINLY STATE, MY NAME IS RONALD WATSON, MY TDCJ NO.#533094. I AM OF SOUND MIND, CAPABLE OF MAKING THIS AFFIDAVIT, AND DO HEREBY DECLARE UNDER OATH AND PENALTY OF PERJURY THAT THE FACTS SET OUT BELOW ARE TRUE AND CORRECT AND WITHIN MY PERSONAL KNOWLEDGE.

ON APRIL 23, 1998, AS I WAS GOING TO GET MY NECESSITIES ON FOUR BUILDING, I WITNESSED INMATE BIBBS ARGUE WITH OFFICER GUY WILLEFORD ABOUT BEING ALLOWED TO GO TO HIS CELL TO USE THE TOILET DUE TO THERE WAS NO TOILET PAPER IN THE MULTI-PURPOSE ROOM. OFFICER WILLEFORD TOLD INMATE BIBBS "HELL NO YOU CAN'T GO USE THE RESTROOM YOU HAVE TO WAIT ON CAPTAIN BLACKWELL." I WITNESSED INMATE BIBBS FUSSING AND DEMANDING TO GO USE THE RESTROOM BUT AT NO TIME DID I SEE INMATE BIBBS THROW NO TRASH CAN.

## DECLARATION

I, RONALD WASTON, BEING PRESENTLY INCARCERATED IN TDCJ, DECLARE UNDER OATH AND PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED: 4-25-98 SIGNED: Ronald Watson

MAY 04 1998



ClibPDF - www.fastio.com

# WITNESS STATEMENT

I AFFIANT, RICHARD JAXSON, DO HEREBY MAKE THE FOLLOWING STATEMENT FREE OF ANY COERCION PURSUANT TO EVENTS OF APRIL 23, 1998, McCONNELL UNIT, 4 BLDG., MULTI-PURPOSE ROOM.

AT THE DATE, TIME AND PLACE CITED ABOVE AS I ENTERED THE MULTIPURPOSE ROOM I OVERHEARD I/M BIBBS ASK CO III WILLIFORD FOR PERMISSION TO GO TO HIS CELL TO USE THE TOILET. CO III BECAME ABUSIVE AND FINALLY STATED "NO." I/M BIBBS EXPLAINED HE HAD BEEN IN THE MULTI-PURPOSE ROOM FOR OVER TWO (2) HOURS AND THE TOILET AND BATHROOM THERE WAS FILTHY. CO III WILLIFORD STATED "I DON'T CARE YOU HAVE TO WAIT FOR CAPT. BLACKWELL. CO III THEN SLAMMED THE DOOR AND LOCKED IT. I/M BIBBS WALKED TO THE MULTI-PURPOSE WINDOWS AND STOOD LOOKING OUT.

APPROX. 10 TO 15 MINS. LATER CO III WILLIFORD WAS ALLOWING SOME I/MS INTO THE MULTI-PURPOSE ROOM AND I/M BIBBS APPROACHED CO III WILLIFORD AGAIN AND REQUESTED ACCESS TO HIS CELL TO USE THE TOILET. CO III WILLIFORD INSTRUCTED I/M BIBBS TO STEP OUT OF THE MULTI-PURPOSE ROOM. CO III SPOKE TO I/M BIBBS AND I/M LEFT THE AREA, IN THE DIRECTION OF HIS POD.

MAY 04 1998

I LATER LEARNED THAT I/M BIBBS WAS DENIED ACCESS TO A DISCIPLINARY HEARING, IN VIOLATION OF RUIZ, 503 F. SUPP. 1346, SECTION V. A.; FINAL JUDGEMENT (RUIZ V. COLLINS) SECTION IV pg. 4, RUIZ, 679 F. 2d 1144, 1148, ALSO THAT CO III WILLIFORD MADE SOME FALSE STATEMENTS CONCERNING EVENTS IN THE MULTI-PURPOSE ROOM, INVOLVING A TRASH CAN. I/M BIBBS WAS NOT INVOLVED WITH AN CONTACT OF A TRASH CAN.

I HEREBY DECLARE THE FORGOING TO BE TRUE AND CORRECT TO THE BEST OF MY BELIEF, INFORMATION AND KNOWLEDGE UNDER PENALTY OF PERJURY.

EXECUTED THIS 25TH DAY OF APRIL, 1998.

Richard Jaxson
468760 4E06 ML



ClibPDF - www.fastio.com

# AFFIDAVIT

Pursuant to Title 28 United States Code 1746, I plainly state, my name is John W. Jacobs, my TDCJ no. is 634803. I am of sound mind capable of making this affidavit, and do hereby declare under oath and penalty of perjury that the facts set out below are true and correct and within my personal knowledge.

On April 23, 1998, as I was going to get my necessities I witness inmate Bibbs argue with officer Guy Willeford about being allowed to go to his cell to use the restroom due to it was no toilet paper in the multipurpose room. Officer Willeford told inmate Bibbs Hell no, you can't go use the restroom you have to wait on Captain Blackwell. Inmate Bibbs was fussing and demanding to go use the restroom but at no time did I see inmate Bibbs throw a trash can around. (This incident occured when count cleared)

## Declaration

I John Jacobs, being confined in TDCJ do declare under oath and penalty of perjury that this is true and correct.

Executed 4-30-98

sign John W. Jacobs #634803

MAY 04

# AFFIDAVIT

Pursuant to Title 28 United States Code 1746, I plainly state, my name is Tony L. Blacklock, my TDCJ No. is 660791. I am of sound mind, capable of making this affidavit, and do hereby declare under oath and penalty of perjury that the facts set out below are true and correct and within my personal knowledge.

As I was going into the multipurpose room on four building on April 23, 1998, I overheard inmate Bibbs ask officer Willeford Guy if he could go to his cell to use the restroom, officer Willeford replied "Hell no!" Inmate Bibbs informed officer Willeford that he had been in the multipurpose room for 2 full hours. Officer Willeford then stated "I don't care you have to wait for Captain Blackwell to get here" and then slammed and locked the multipurpose room door.

About 10 minutes later, officer Willeford was allowing some other inmates into the multipurpose room when inmate Bibbs again approached officer Willeford about going to his cell. Officer Willeford asked inmate Bibbs to step outside to talk to him. Inmate Bibbs complied. I then witness inmate Bibbs going to his cell. During this whole entire incident I never witness inmate Bibbs throw no trash can. He was loud and demanding but never through no trash can.

Declaration

MAY 04 1998

I, Tony Blacklock, being confined in TDCJ do declare under oath and penalty of perjury that this is true and correct

Executed 4-30-98

sign [signature]



ClibPDF - www.fastio.com

# TEX. DEPARTMENT OF CRIMINAL J TICE
## INSTITUTIONAL DIVISION
## INMATE GRIEVANCE FORM
FORMA PARA QUEJAS DE LOS PRESOS

**STEP 1**
**PASO 1**

Inmate Name: Juarez Bibbs
Nombre Del Preso

Inmate TDCJ Number: 649087
Numero Del TDCJ Preso

Unit: ML
Unidad

Housing Assignment: 4 D47
Vivienda Asignada

Check if an emergency grievance: ☐ yes(si) ☒ no(no)
Marque si es una queja de emergencia

I object to the posting of issues presented in this grievance: ☐ yes(si) ☒ no(no)
No deseo que se publiqen los asuntos tratados en esta queja

**OFFICE USE ONLY / Para Uso De La Oficina Solamente**

Unit Number: 98109711 Code: 423

Date Received: MAY 04 1998 UGC Signature: [signature]

Specify how and when informal resolution was attempted / Especifique como y cuando trato de hallar una solucion informal:

I tried to attend my disciplinary hearing but was excluded due to false and fabricated accusations

STATE GRIEVANCE (Include documentation, name of any witnesses supporting your claim and date of incident. Attach additional pages if necessary.) / ESPECIFIQUE LA QUEJA (Incluya documentacion, nombre de cualquier testigo que certifique su queja y fecha del incidente. Agregue paginas adicionales si es necessario.)

I am appealing my disciplinary conviction for a major case that I was found guilty on. Case no. is 980242323 Date april 23, 1998.

On april 4, 1998, as I was kissing my wife goodbye at the end of my visit I inadvertently embraced/touched my wifes buttocks. Thereafter Warden Diaz came into the visiting room and took my name and TDCJ number. On april 5, 1998 I was called to the administration Bldg. to have Captain Glouver investigate a sexual misconduct case

See pg 2

ACTION REQUESTED / ACCION SOLICITADA: I want this case to be dismissed and expunged from my record and my class restored

[signature: Juarez Bibbs] 5-2-98
Inmate's Signature / Firma Del Preso Date / Fecha

WARDEN'S Decision and Reason / Decision del GUARDIAN y Razones:

Review of disciplinary case # **980242323** indicates that your case appears to have received thorough and impartial treatment. Disciplinary proceedings were handled appropriately in accordance with Department regulations and relevant court decision. You have failed to provide evidence that the Unit Disciplinary Hearing Officer (UDHO) either violated procedure or abused discretion while considering the facts relevant to your case. This office finds insufficient reason to overturn the decision of the UDHO and shall therefore stand as rendered.

[signature] 7-8-98
Warden's Signature / Firma Del Guardian Date / Fecha

If you are not satisfied with the Warden's Response, you may appeal to the Regional Director through your Unit Grievance Coordinator. (See reverse side for further instructions.) / Si usted no esta satisfecho con la Decision del Guardian puede apelar al Director Regional por medio del Coordinator de Quejas de su Unidad. (Vea el reverso donde hallara instrucciones adicionales.)

I - 127 (Rev. 3/90) JUN 13 1998



J0336/p1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *JUAREZ MIGUEL BIBBS,* Petitioner, | § § § | |
| *V.* | § | CIVIL ACTION NO. C-00-47 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,* Respondent. | § § § § | |

**ORDER**

On this day came before the Court for consideration Respondent Johnson's Motion for Summary Judgment and the Court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that said Motion be, and it is hereby GRANTED. The petition is hereby DISMISSED WITH PREJUDICE.

SIGNED this _____ day of _______________, 2000.

_______________________________
JUDGE PRESIDING