In The United States District Court
For The Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED

SEP 1 8 2000

Michael N. Milby, Clerk of Court

Juarez Bibbs
   Petitioner

vs.

Civil Action No. C-00-47

Gary L. Johnson
   Respondent

Petitioners Response To Respondents
Summary Judgement Motion

To The Honorable Judge Of Said Court:
  Comes Now, Petitioner in this cause and files this
response and in support thereof will show the following:

I.

  Respondent's summary Judgement motion is dated
August 18, 2000, thus this response is timely if placed in the
prison mail box on or before September 18, 2000.

II

  Petitioner in this Habeas Corpus action is challenging a

1

9.

prison disciplinary conviction in which his constitutional rights of due process and equal protection under the law were violated. Specifically petitioner states:

1) He never recieved fair warning nor adequate notice of the prohibited (rule infraction) conduct he was charged with due to it was not posted nor distrubuted.

2) The disciplinary infraction was arbitrarily graded as a major infraction

3) Applicant was denied to be present at the disciplinary hearing and,

4) Applicant was arbitrarily punished in extreme disportion to other inmates. (See Habeas Corpus Application page 1-2)

## Standard For Review

A party moving for summary judgement bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrates the abscence of ~~only~~ any genuine issues of material fact. Howell Hydrocarbons, Inc. v. Adams, 897 F.2d 183, 191 (5th Cir. 1990) (citing Celotex Corp. v. Corett, 106 S.Ct. 2548, 2553 (1986)) If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgement is not appropriate. Fields v. City of South Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) Here the pleadings and evidence that will be presented in this document

shows the respondent is not entitled to summary judgement.

## General Background

On April 4, 1998, petitioner was having a contact visit with his wife. When the visit was over petitioner kissed his wife goodbye. While kissing his wife goodbye he inadvertantly embraced (touched) his wife on the buttocks. Mark Diaz who witnessed the incident thereafter wrote petitioner a disciplinary infraction charging him with sexual misconduct code 20.0 in the TDCJ Disciplinary Hand Book. The case was then graded as a major infraction and petitioner found guilty.

## Facts And Law Involved

### Fair Warning, Actual Notice Of Rule Violation

TDCJ Administrative Directive 03.76 states "All offenders within TDCJ are required to obey the rules and regulations of the division to which they are assigned and the rules of the facilities to which they are housed. All disciplinary rules in which a inmate can be punished for must provide adequate notice of the conduct prohibited and must be appropriately distributed or posted. (See Exhibit A)

TDCJ Disciplinary Rule 20.0 sexual misconduct is defined as: Engaging in sexual acts with others,

CutePDF - www.fastio.com

Case 2:00-cv-00047   Document 9   Filed in TXSD on 09/18/2000   Page 4 of 24

engaging in sexual acts (e.g. masturbation) in public, soliciting sexual acts from others, exposing an offenders anus or any part of his/her genitals with the intent to arouse or gratify the desire of any person, or homosexual conduct involving physical contact (e.g. Kissing) (See Exhibit B) Nowhere in this Rule does it state that embracing (touching/holding) your wifes buttocks is prohibited. Infact Kissing and embracing is allowed according to TDCJ Visitation Policy. (See Exhibit C)

Due to the above facts it is clear that petitioner did not recieve or have fair warning or prior/adequate notice that embracing (touching) his wifes buttocks was prohibited and/or was a Rule infraction.

It is very well established that it is a violation of due process to punish inmates for acts which they could not have Known were prohibited. A inmate is entitled to prior notice or fair warning of proscribed conduct before severe sanctions may be imposed. See <u>Reeves v. Pettcox</u>, 19 F.3d 1060, 1061 (5th C.R. 1994) See also <u>Gibbs v. King</u>, 779 F.2d 1040, 1044 (5th C.R. 1986); <u>Adams v. Gunnell</u>, 729 F.2d 362, 369 (5th C.R. 1984); <u>Ruiz v. Estelle</u>, 503 F.Supp 1265, 1352 (S.D. Tex. 1980)

The Supreme Court in <u>Grayned v. City of Rockford</u>, 92 S.Ct. 2294, 2298 (1972) Ruled (because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to Know what is prohibited that he may act accordingly)

4

See also <u>United States v. Harris</u>, 74 S.Ct. 808, 811 (1954) (when a person of ordinary intelligence has not recieved fair notice that his contemplated conduct is forbidden, prosecution for such conduct deprives him of due process)

TDCJ Administrative Directive 03.76 was drafted in conjuction with the Due Process Clause of the 14th Amendment and the minimal requirements set by <u>Wolff v. McDonnell</u>, 94 S.Ct. 2963 (1974); See also <u>Ruiz v. Estelle</u>, 666 F2d. 854, 867 (1982) to give inmates adequate notice or fair warning of prohibited conduct when it specifically stated all rules for which a inmate may be punished must provide adequate notice of the conduct prohibited and must be adequately distreributed or posted (See Exhibit A)

Applying the above facts to the disciplinary infraction petitioner was charged and found guilty of (sexual misconduct) it is clear that petitioner did not recieve adequate notice or fair warning that embracing (touching) his wifes buttocks was prohibited. In fact Rule 20.0 sexual misconduct is based on inmate to inmate contact and does not cover visitation. (See Exhibit B)

The Supreme Court Ruled vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. See <u>Village of Hoffman Est. v. Flipside, Hoffman Est.</u>, 102 S.Ct. 1186, 1193 (1982)

5

(quoting <u>Grayned v. City of Rockford</u>, 92 S.Ct. 2294, 2298 (1972);
<u>U.S. v. Daniel</u>, 813 F.2d 661, 663 (5th Cir. 1987) (Due Process
Clause requires...a offense be defined with sufficient
definiteness that an ordinary person can understand what
conduct is prohibited) (quoting <u>Kolender v. Lawson</u>,
103 S.Ct. 1855, 1858 (1983) (The purpose of the rule is to
provide adequate notice to one of ordinary intelligence
that certain conduct is proscribed and to avoid erratic
and arbitrary enforcement) See also <u>Colautti v. Franklin</u>,
99 S.Ct. 675, 683 (1979)

 To punish a prisoner for a unknown rule and/or
punish him for conduct he could not and did not
know was prohibited is not tolerated in society and
should not be tolerated nor expected to be a part
of the incidents of everyday prison setting. To rule
so would allow the prison guards and Administrators
to run a ruleless prison which would result in
arbitrary and erratic enforcement of rules and
punishment and oppression of prisoners as well as a
abuse of power, something the Due Process Clause of
the 14th Amendment was intended to prevent. See
<u>Deshaney v. Winnebago County DSS</u>, 109 S.Ct. 998, 1003
(Due Process Clause of the Fourteenth Amendment
was intended to prevent government from abusing
its power, or employing it as an instrument of oppression")
quoting <u>Dannicks v. Williams</u> 106 S.Ct. 662, 665 (1986) (to
secure the individual from the arbitrary exercise

6

of powers of government from being used for purposes of oppression) See also _Morris v. Dearborne_, 181 F.3d 657, 668 (5th Cir. 1999) quoting _County of Sacramento v. Lewis_, 118 S.Ct. 1708, 1716 (1998) (the touchstone of due process is protection of the individual against arbitrary actions of government)

A case very similar to the instant case is _Gibbs v. King_, 779 F.3d 1040 (5th Cir. 1986) Gibbs was found guilty of violating a mattress policy, Rule No. 4. Gibbs claimed that he did not recieve notice of the mattress policy due to it was not posted. The Fifth Circuit ruled an inmate is entitled to prior notice or fair warning of prohibited conduct before a severe sanction may be imposed. Id at 1044. Thus remanded the case back to have the district court determine if Gibbs recieved notice of the rule infraction, stating notice through posting is an element of the offense charged and is central to a finding of guilt. Id at 1045.

Likewise in the instant case it must be determined whether inmate Bibbs recieved notice, that touching/embracing his wifes buttocks was prohibited

Petitioner points out that according to TDCJ Visitation Policy Kissing and Embracing is allowed once at the begining of and end of a contact visit. (See Exhibit C) Petitioner was kissing his wife at the end of his visit when he inadvertantly embraced (touched) her buttocks. To punish petitioner because he has done what the law

plainly allows him to do is a due process violation of the most basic sort. See United *States v. Buthrie*, 789 F.2d 356, 360 (5th Cir. 1986) quoting *United States v. Goodwin*, 102 S.Ct. 2485, 2488 (1982) See also *U.S. v Lane*, 43 F3d 127, 133 (5th Cir. 1995) (prosecution of a citizen who is unaware of any wrong doing, for "wholly passive conduct" violates the Due Process Clause)

The above facts, supporting case law and evidence reveals the disciplinary infraction was arbitrarily written and the prison rules were used as a backdoor means of punishing petitioner which resulted in a unconstitutional application of the rules. See *Clark v. Stalder*, 121 F.3d 222, 230 (5th Cir. 1997). Thus the disciplinary conviction should be expunged from petitioners record.

Petitioner brings to the courts attention that he does not shed basic First Amendment rights at the prison gate. Rather he retains all the rights of an ordinary citizen except those expressly, or by necessary implication, taken away from him by law. See *Procunier v. Martinez* 94 S.Ct. 1800, 1816 (1974) (Dissenting opinion of Mr. Justice Marshall and Mr. Justice Brennon.)

As pointed out there is no prison rule (law) that prohibit's petitioner from touching/embracing, ~~holding~~ his wifes buttocks. Even Disciplinary Rule 20.0 sexual misconduct for which petitioner was charged does not prohibit touching, embracing his wifes buttocks. (See Exhibit B) Embracing, touching, holding is a expression of Love and Kissing and embracing is allowed by

8

TDCJ policy (See Exhibit C) Since petitioner touching his wife is a expression of Love it is protected under and by the First Amendment. See California Inc. v. F.C.C. 109 S.Ct. 2829, 2836 (1989) (Sexual expression which is indecent but not obscene is protected by the First Amendment) See also Hispanic Educ. Com. v. Houston Ind. Sch. Dist., 886 F.Supp 606, 611 (S.D. Tex. 1994) (Right to free expression attaches to all individuals, and individuals may exercise their right in private and public)

Since petitioner expressing love to and for his wife is passive and innocent conduct which is protected by the 1st Amendment, this court has a duty to protect his Constitutional right's. See Procunier v. Martinez, 94 S.Ct. 1800, 1807-08 (1974) (when a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights)

Petitioners constitutional rights of free expression were violated, thus this court is under a duty to protect such rights and therefore should deny respondents summary judgement motion.

## Equal Protection Claim

The issues of petitioner being arbitrarily punished in extreme disporpation to others and the disciplinary infraction being arbitrarily graded is actually a equal

9

protection claim thus will be Combined.

As has been pointed out petitioner was charged with sexual misconduct 20.0 for inadvertantly embracing (touching) his wifes buttocks. The disciplinary infraction was graded as a major infraction and petitioner severly punished.

Inmate Clay Vincent was written a disciplinary infraction for sexual misconduct 20.0 inwhich he was masturbating on a female officer (See Exhibit D) and inmate Thomas Ellis also was written a disciplinary infraction for sexual misconduct 20.0 inwhich he was masturbating on a female officer (See Exhibit E) In both of these instances these inmates disciplinary infractions were graded as minor infractions. These inmates "blantly," "intentionally" and "knowingly" break TDCJ Disciplinary Rules by exposing themselves to and masturbating on female officers which is clearly prohibited by TDCJ Disciplinary Rules/Policy. This shows a sick warped minded inmate who needs help as well as shows inmates who are "intentionally" and "knowingly" violating TDCJ Disciplinary Rules. Inspite of these facts these inmates were written minor infractions and given minor punishment, (given a slap on the wrist) but for petitioner inadvertantly touching (embracing) his wife in/as a expression of love, something that is not prohibited by TDCJ Disciplinary Rules he is written a major infraction and given major punishment. (his hand is chopped off). This shows that other inmates

10

were given more favorable treatment and petitioner was singled out for disparate/arbitrary treatment and/or that the administration distinguished between two or more relevant person, which violates petitioner equal protection rights.

Evidence of similarly situated persons who have recieved more favorable treatment by government is necessary to support equal protection claim. See P.P.C. Enterprises Inc. v. Texas City, Tex, 76 F. Supp. 750, (S.D. Tex. 1999) See also Vera v. Tue, 73 F.3d 604, 609 (5th Cir. 1996) (quoting City of Cleburne, Tex. v. Cleburne Living Center, 105 S.Ct. 3249, 3254 (1985) ( The equal protection clause essentially directs states to treat all persons similarly situated alike); Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988)(a violation of the equal protection clause occurs only when, inter alia, the government action in question classifies or distinguishes between two or more relevant persons or groups)

As pointed out above petitioner was similarly situated with two other inmates (written a disciplinary infraction for sexual misconduct) mwhich the two other inmates were given more favorable treatment, thus establishing a equal protection claim.

Equal protection violation also occurs when classification interferes with a fundmental right. See Mayabb v. Johnson 168 F.3d 863, 870 (5th Cir. 1990)

As pointed out earlier sexual expression is protected by the Fist Amendment. See _California Inc. v. F.C.C._, 109 S.Ct. 2829, 2836 (1989) and the right to free expression attaches to all individuals. See _Houston Educ. Com. v. Houston Ind. Sch. Dist._, 886 F.Supp. 606, 611 (S.D. Tex. 1994) by petitioner being punished (disciplined) for expressing love to and for his wife the State is saying that petitioner has no right to free expression or no right to freely express love to his wife interferring with his fundamental right of free expression violating his right to equal protection.

The above mentioned facts, evidence and supporting case law clearly demonstrates petitioners constitutional rights were violated, thus respondent is not entitled to summary judgement in this instant.

Wherefore petitioner seek that respondent summary judgement motion be denied and his habeas corpus petition be granted.

Respectfully Submitted

Juarez Bibbs

Juarez Bibbs 649087
9601 Spur 591
Amarillo Tx. 79107

12

# Certificate Of Service

I do hereby certify that a true and correct copy of the foregoing was mailed to the respondents attorney by placing the same in the prison mail box on this 15th day of September, ~~and~~ 2000, postage prepaid first class mail addressed to:

W. Erich Dryden
Ass Attorney General
P.O. Box 12548 Capital Station
Austin TX. 78711

executed Sept. 15, 2000                    signed Larry Bibbs

Exhibit    2 pages

A

CHMPDF – www.fastio.com



| | |
|---|---|
| **TEXAS DEPARTMENT** | **NUMBER:** AD-03.76 (rev. 2) |
| **OF** | **DATE:** April 23, 1998 |
| **CRIMINAL JUSTICE** | **PAGE:** 1 of 2 |
| | **SUPERSEDES:** AD-03.76 (rev. 1) December 8, 1993 |

# ADMINISTRATIVE  DIRECTIVE

**SUBJECT:** OFFENDER DISCIPLINARY PROCEDURES

**AUTHORITY:** Sections 493.001, 493.0052, and 494.002, Texas Government Code; *Ruiz* Final Judgment, Paragraph IV

**APPLICABILITY:** Institutional (ID), State Jail (SJD), Parole (PD), and Programs and Services (PSD) Divisions

## POLICY:

All offenders within the Texas Department of Criminal Justice (TDCJ) are required to obey the rules and regulations of the division to which they are assigned, and the rules of the units/facilities at which they are housed. If an offender violates any of the rules, he may be punished as provided by the *TDCJ Disciplinary Rules and Procedures for Offenders.* All disciplinary rules, both at the division-level and unit/facility level, must provide adequate notice of the conduct prohibited, and must be appropriately distributed or posted.

## PROCEDURES:

I.    Detailed procedures, rules, definitions, and instructions to be followed for disciplining offenders shall be included in the respective division's rules.

    A.    Parole Division

        Disciplinary rules for offenders housed in Pre-Parole Transfer (PPT), Intermediate Sanction (ISF), Substance Abuse Felony Punishment (SAFP), and Work Program facilities under contract with the Parole Division are outlined in the Parole Division Administrative Directive (AD), "Disciplinary Hearing Process." This directive shall be reviewed annually and updated if necessary.

CutePDF - www.tesrio.com

B.    Institutional and State Jail Divisions

Disciplinary rules for offenders housed in units/facilities operated by or under contract with the State Jail or Institutional Divisions are outlined in the *Disciplinary Rules and Procedures for Offenders* rule book. This rule book contains detailed definitions, instructions, and procedures to be followed for disciplining offenders. It also identifies procedures that are applicable to certain offender categories. These rules shall be followed:

1.    The *Disciplinary Rules and Procedures for Offenders* shall be reviewed annually and updated if necessary. Only the Texas Board of Criminal Justice shall have the discretion to alter these rules.

2.    The Assistant Director of the Programs and Services Division has supervisory responsibilities for the offender disciplinary process with regard to approving policies, procedures, and guidelines that relate to the administration and operation of the disciplinary process, and for providing direction to the Office for Disciplinary Coordination (ODC). The ODC is charged with the goal of standardizing the offender disciplinary process to the maximum extent possible.

3.    A staff Counsel Substitute program shall be maintained. Counsel Substitutes shall notify offenders of charges to be brought before major disciplinary hearings; represent offenders during major disciplinary hearings as their advocate; maintain related records; and inform offenders of the method for filing an appeal.

II.   With respect to the general public and individuals external to the TDCJ, a copy of the *Disciplinary Rules and Procedures for Offenders* may be obtained by contacting the TDCJ Public Information Office. A copy of Parole Division AD, "Disciplinary Hearing Process," may be obtained by contacting the facility's parole officer or the Parole Division's Information Services. If a substantial number of copies are needed by internal Agency staff, the request should be submitted on the appropriate requisition form to the TDCJ Prison Store.

Carl Jeffries, Director
Programs and Services Division

Exhibit

1 page

B

**16. Possession of contraband** - for the purpose of these rules, contraband is:

**a.** Any item not allowed when the inmate arrived at TDCJ - ID, not given or assigned to an inmate by TDCJ - ID, and not bought by an inmate for his use from the commissary.

**b.** Any item changed from its original condition if the change jeopardizes institutional safety or security.

**c.** Any item which, in the judgement of TDCJ - ID personnel, unreasonably hinders the safe and effective operation of the unit.

**d.** Any item possessed in excess of the amounts authorized.

**e.** Any item received or sent through the mail that is not approved in accordance with the TDCJ - ID Correspondence Rules.

**f.** Anything an inmate is not supposed to have, like, but not limited to:

**1)** Money,

**2)** Items used for gambling, such as dice and playing cards,

**3)** Books, magazines or newspapers that are not approved for an inmate to have,

**4)** Clothes that are not approved for an inmate to have,

**5)** Handcuffs or other items used for restraining inmates, including keys.

**17. Stealing** - intentionally taking any property belonging to the State or another person;

**18. Damaging or destroying property** - intentionally damaging or destroying property belonging to the State or another person;

**18.1** Unauthorized use of State property;

**19. Gambling** - betting on the outcome of any event, including sporting contests (possession of gambling paraphernalia may be sufficient evidence);

**20. Sexual misconduct** - engaging in sexual acts with others, engaging in sexual acts (e.g., masturbation) in public, soliciting sexual acts from others, exposing an inmate's anus or any part of his/her genitals with intent to arouse or gratify the sexual desire of any person, or homosexual conduct involving physical contact (e.g., kissing);

**21.** Fighting without a weapon or assaulting an inmate without a weapon;

**22.** Threatening to inflict harm, physical or otherwise, on another inmate; (inmates may not be punished, however, for threatening to take action they are legally entitled to take, such as filing a grievance or lawsuit);

**23. Creating a disturbance** - any act or activity which results in a disruption of institution operations or breach of institution security;

**24. Refusing or failing to obey orders** - noncompliance with a legitimate order from a TDCJ - ID employee;

**19**

Exhibit

1 page

C

*INMATE VISITATION RULES*

**INTRODUCTION**

It is the policy of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) to enable and encourage inmates, consistent with security and classification restraints, to have visits with family members and friends. Visiting in TDCJ-ID institutions will be conducted in an accommodating manner, in keeping with the need to maintain order, the safety of persons and the security of the institution. Inmate visitation is managed under the direction of each Unit Warden, and in accordance with the rules and guidelines outlined below. Unless otherwise noted, these rules and guidelines apply to both general (non-contact) visits and contact visits.

<u>DEFINITIONS</u>:

<u>General Visits</u>: Visits conducted inside the main building of the institution and during which no physical contact between inmates and their visitors is possible or allowed. General visits are usually held in a designated visiting area where inmates and visitors are physically separated by a glass wall or partition.

<u>Contact Visits</u>: Visits usually conducted outside of the main building and within the fenced perimeter and during which physical contact between inmates and their visitors is allowed. Embracing and kissing is permitted once at the beginning and once at the end of each visit. During the visit, the inmate and visitor(s) are to be seated at opposite sides of the table, with the exception of the inmate's small children who may be held by the inmate.

**1.0 GENERAL INFORMATION**

1.1 Inmates will not be assigned to units solely for convenience of visitation privileges. While it is recognized that unit assignments may create hardships for visitation, these assignments are based on considerations other than inmate or family convenience.

1.2 Each unit has a designated Family Liaison Officer to ensure that inmates' relatives and other persons are given assistance during visits with inmates and given aid in resolving problems that may affect permitted contact with inmates.

1.3 Copies of these Inmate Visitation Rules are prominently displayed in locations in the unit that are accessible to inmates and in areas accessible to visitors. Visitors will be provided with copies of these rules upon request.

1.4 <u>Visitation Schedule</u>

Visitation hours are normally on Saturday and Sunday, between 8:00 a.m. and 5:00 p.m., to include the noon hour. Visits are not allowed on Holidays which fall during the week. For reasons of security, visits for death sentenced inmates are normally scheduled for Monday through Friday between 8:00 a.m. and 5:00 p.m., and on Saturday between 5:00 p.m. and 9:00 p.m., except on State-approved Holidays.

1.5 <u>Frequency and Length of Visits</u>: All inmates, except those involved in the intake diagnostic process and those in solitary confinement, are permitted to have 1 visit for a two-hour period each weekend, for a total of 4 visits per month. (Inmates will receive a total of 5 visits during those months with 5 weekends.)

1

Exhibit

D

CVisPDF – www.fastio.com

Case 2:00-cv-00047 Document 9 Filed in TXSD on 09/18/2000 Page 22 of 24

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 990043566  TDCJ NO.: 00578365  NAME: CLAY, VINCENT                    EA: 7.6
UNIT: ML  HSNG: 4D32  60        JOB: KITCHEN HELPER, 3RD            IQ: 073
CLASS: S3  CUST: MI  PRIMARY LANGUAGE: ENGLISH        MHMR RESTRICTIONS:   NO
GRADE: MI / GLS  OFF.DATE: 10/07/98  05:07 AM  LOCATION: ML 4 BUILDING
TYPE: ID

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 4D-66 CELL, OFFENDER: CLAY, VINCENT,
TDCJ-ID NO. 00578365, DID EXPOSE HIS PENIS TO OFFICER GUIN WITH THE INTENT TO
GRATIFY THE SEXUAL DESIRE OF HIMSELF. OFFENDER CLAY WAS ORDERED BY OFFICER GUIN
TO STOP MASTURBATING AND SAID OFFENDER FAILED TO OBEY THE ORDER.

CHARGING OFFICER: GUIN, C. COII                    SHIFT/CARD: 2 B

### OFFENDER NOTIFICATION

                                                IF APPLICABLE INTERPRETER,
TIME & DATE NOTIFIED: 9 56 0 11   BY:(PRINT) I. V (A A (A 6  C03
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL
STATEMENT. DO YOU WANT TO ATTEND THE HEARING? YES  NO      IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _____        DATE: _____
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____            DATE: _____

### HEARING INFORMATION

HEARING DATE: _____ TIME: _____  INTERPRETER SIGNATURE: _____
OFFENDER STATEMENT: _____
_____
_____

| OFFENSE CODES: | 30.0 | 24.0 | | |
|---|---|---|---|---|
| OFFENDER PLEA: (G, NG, NONE) | | | | |
| FINDINGS: (G, NG, DS) | | | | |

### PUNISHMENT

LOSS OF PRIV(DAYS) _____    REPRIMAND _____
*RECREATION(DAYS) _____    EXTRA DUTY(HOURS) _____
*COMMISSARY(DAYS) _____    CONT.VISIT SUSP THRU ___/___/___
*PROPERTY(DAYS) _____      CELL RESTR(DAYS) _____
*_____(DAYS) _____

OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____

HEARING OFFICER (PRINT) _____        WARDEN _____
(FORM I-47MI) CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
(REV. 06-98) COMUNIQUESE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA

Exhibit

E

Case 2:00-cv-00047  Document 9  Filed in TXSD on 09/18/2000  Page 24 of 24

# SOLITARY/DISCIPLINARY REPORT AND HEARING RECORD

TDCJ NO: 00715145  NAME: THOMAS, SAN ELLIS  DATE: 12-7

JOB: 19 BLDG: SSI ORDERLY, 3RD  ID: 087

PRIMARY LANGUAGE: ENGLISH  MHMR RESTRICTIONS: NO

OFF. DATE: 10/07/98  05:10 AM  LOCATION: ML 4 BUILDING

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE AND AT 4D-15 CELL OFFENDER, THOMAS, SAN ELLIS, TDCJ NO. 00715145, DID EXPOSE HIS PENIS TO OFFICER GUIN WITH INTENT TO GRATIFY THE SEXUAL DESIRE OF HIMSELF.

CHARGING OFFICER: GUIN, C. COII.  SHIFT/CARD: 2 B

## OFFENDER NOTIFICATION

TIME & DATE NOTIFIED: 10:00  10-12-98  BY: (PRINT) M Saldana, C-3  IF APPLICABLE INTERPRETER:

YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. YOU HAVE THE RIGHT TO SUBMIT A WRITTEN STATEMENT AND MAKE A VERBAL STATEMENT. DO YOU WANT TO ATTEND THE HEARING? (YES)  NO  IF NO, HOW DO YOU PLEAD? GUILTY  NOT GUILTY

OFFENDER NOTIFICATION SIGNATURE:  DATE:

BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24-HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.

OFFENDER WAIVER SIGNATURE: Sai'n ms  DATE: 10-12-99

## HEARING INFORMATION

HEARING DATE:  TIME:  INTERPRETER SIGNATURE:

OFFENDER STATEMENT:

OFFENSE CODES:  20.0

OFFENDER PLEA: (G, NG, NONE):

FINDINGS: (G, NG, US):

## PUNISHMENT

LOSS OF PRIV (DAYS)  REPRIMAND

RECREATION (DAYS)  EXTRA DUTY (HOURS)

COMMISSARY (DAYS)  CONT. VISIT SUSP. THRU  /  /

PROPERTY (DAYS)  CELL RESTR (DAYS)

(DAYS)

OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:

HEARING OFFICER (PRINT)  WARDEN

CONTACT A STAFF MEMBER IF YOU DO NOT UNDERSTAND THIS FORM
CONTACTE CON UN MIEMBRO DEL PERSONAL SI NO ENTIENDE ESTA FORMA