IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC - 7 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JUAREZ BIBBS, | § | |
| Petitioner, | § | |
| V. | § | C.A. NO. C-00-047 |
| | § | |
| GARY L. JOHNSON, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. The actions about which he complains occurred in Bee County, Texas. Proceeding *pro se* and *in forma pauperis,* petitioner filed this habeas corpus petition, pursuant to 28 U.S.C. § 2254, on February 3, 2000. Petitioner claims that his rights to due process and equal protection were violated at a disciplinary hearing where he was found guilty of sexual misconduct. Respondent filed a motion for summary judgment on August 21, 2000 (D.E. 8) to which petitioner responded on September 18, 2000 (D.E. 9).

### BACKGROUND

Petitioner was charged with sexual misconduct in disciplinary hearing number 980242323 for touching his wife's buttocks and allowing her to touch his crotch during a contact visit. Petitioner does not dispute that he touched his wife, but claims that such a touch is not sexual misconduct. A disciplinary hearing was held on April 23, 1998, but plaintiff was not allowed to attend. According to the disciplinary report, he became disruptive while waiting for the hearing to begin and threw a trash can around the room (D.E. 8, Ex. B, p. 1).

Petitioner claims that he needed to use the restroom but there was no toilet paper and the officer who was in the multipurpose room would not let petitioner get more toilet paper or go to his cell to use the restroom. Petitioner argued with the officer who finally let him go to his cell to use the restroom. Petitioner denies being disruptive or throwing a trash can around the room. While he was gone, the disciplinary hearing was held without him (D.E. 8, Ex. C). Petitioner was found guilty of sexual misconduct and was punished by loss of 45 days recreation and commissary restriction and a reduction in line class from S3 to L1 (D.E. 8, Ex. B, p. 1).

Petitioner claims the following: (1) his rights to due process and equal protection were violated because he did received neither fair notice nor adequate warning that touching his wife's buttocks was a violation of TDCJ-ID rules; (2) the disciplinary infraction was arbitrarily graded as major; (3) his right to due process was violated when he was not allowed to attend the disciplinary hearing and (4) his punishment was arbitrary in that he was punished more severely than other inmates found guilty of similar conduct.

Respondent argues that he is entitled to summary judgment because due process protections do not extend to disciplinary hearings when the punishment issued is limited to loss of privileges or reduction in line class. Respondent does not concede that petitioner exhausted his administrative remedies and reserves the right to address the issue at a later time.

## APPLICABLE LAW

### A. Summary Judgment Standard

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).

Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552; Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 113 S. Ct. 82 (1992). The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188 (1990). Summary judgment is mandated if, after adequate time for discovery and upon motion, the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322, 06 S. Ct. at 2552. "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 322-23, 106 S. Ct. at 2552.

## B. Due Process

In a habeas corpus action challenging the proceedings at a disciplinary hearing, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. Petitioner in this case is alleging deprivation of his 14th amendment rights to due process and equal protection. In Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

The Supreme Court held in Sandin that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, 515 U.S. at 486, 115 S.Ct. at 2301. Sandin involved an inmate being placed in administrative segregation, a punishment generally considered harsher than the removal of privileges. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. Id.

"Few other incidents of prison life involve such a level of deprivation as disciplinary segregation." Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995), cert. denied 116 S.Ct. 736, 133 L.Ed.2d 686. Petitioner in the instant case was not placed in segregation and so has not suffered as great a loss of liberty as the petitioner in Sandin. Indeed, apart from having his class status lowered, the only change in his daily conditions were loss of commissary and recreation privileges for 45 days. "[An inmate's] 30 day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

Nor did the lowering of petitioner's class status raise due process concerns. Generally, a reduction in status limits an inmate's ability to earn good time credits, which could have an effect on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), cert. denied sub nom. Luken v. Johnson, 116 S.Ct. 1690 (1996). See also Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)(No due process protections are required when a prisoner is reclassified in the federal system.)

Petitioner cannot demonstrate that he has any sort of a liberty interest in being allowed to go to the commissary or have recreation time or that they are the type of atypical, significant deprivation in which a state might create a liberty interest. Nor can he demonstrate that his reduction in status implicates a constitutionally protected liberty interest. Accordingly, respondent's motion for summary judgment should be granted on petitioner's complaints

regarding his loss of commissary and recreation privileges and lowering of his classification status.[1]

## C. Equal Protection

Petitioner also claims that he was denied equal protection because other inmates who have been found guilty of sexual misconduct were not punished as severely as he was.

> A violation of equal protection occurs only when the governmental action in question "classif[ies] or distinguish[es] between two or more relevant persons or groups[,]" Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988), or when a classification impermissibly interferes with a fundamental right. Hatten v. Raines, 854 F.2d 687, 690 (5th Cir. 1988). A claimant who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination. McKlesky v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed. 2d 262 (1987). Discriminatory purpose "implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988).

Edwards v. Johnson, 209 F.3d 772, 780 (5th Cir. 2000).

Plaintiff in this case has not shown that TDCJ-ID officials treated two relevant groups differently from one another nor that any fundamental right was at stake. Accordingly, plaintiff cannot make out an equal protection claim.

## RECOMMENDATION

Defendant's motion for summary judgment (D.E. 8) should be GRANTED and plaintiff's application for habeas corpus should be DISMISSED.

---

[1] Plaintiff cites Reeves v. Pettcox, 19 F.3d 1060 (5th Cir. 1994), in support of his argument that he was entitled to notice that the act of touching his wife's buttocks constituted a violation of TDCJ-ID rules and he is correct about the holding of the case. However, Reeves was decided before Sandin, which made clear that inmates are not entitled to due process protections in disciplinary hearings unless they are punished with loss of good time credit.

Respectfully submitted this 5 day of December, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).