United States District Court
Southern District of Texas
FILED
DEC 26 2000
Michael N. Milby, Clerk

In The United States District Court
For The Southern District Of Texas
Corpus Christi Division

Juarez Bibbs
   Petitioner

vs.                                             Civil Action No. C-00-47

Gary L. Johnson
   Respondent

Objection To And Motion For Reconsideration
Of Magistrates Memorandum And Recommendation

To The Honorable Judge Of Said Court:

Comes Now, petitioner in this cause and files this motion. In support thereof petitioner will show the following:

## I.

The Magistrate signed the memorandum granting respondents summary judgement motion on Dec. 5,00, and said document was filed 12-7-00. Petitioner recieved said document on Dec. 12,00, thus this motion is timely if placed in the prison mail box on or before Dec. 12, 00.

1

12.

## II

In granting respondent's summary judgement in this case several vital point's were overlooked. In the first instance petitioner stated his right's to due process were violated due to he was written a disciplinary infraction and punished for violating a rule he did not recieve adequate notice or fair warning was a violation of TDCJ Rules. (See Document #9 pg 1-9)

The magistrate in denying petitioner relief relied upon <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2300 (1995) stating since petitioner did not lose any goodtime he is not entitled to the due process protection of the 14th Amendment. The Magistrate further ruled: "Petitioner cannot demonstrate that he has any sort of liberty interest in being allowed to go to the commissary or have recreation time or that they are the type of atypical, significant deprivation in which a state might creat a liberty interest. Nor can he demonstrate that his reduction in status implicates constitutional protected liberty interest." (See Doc. no. 11 pg. 4-6).

The vital point missed by the court in this instant is petitioner is not complaining about there mere loss of commissary or recreational privileges. Petitioner is complaining due to he was arbitrarily accused and found guilty of a rule infraction that did not exist. Thus the prison rules were used as a backdoor means of punishing him which results in a unconstitutional

2

application of the rules. See <u>Clarke v. Stalder</u>, 121 F.3d 222, 230 (5th Cir. 1997)

The court also overlooked the fact that petitioner can be written a disciplinary infraction only for rules that are posted and distributed by TDCJ. Petitioner pointed out that TDCJ Administrative Directive 03.76 states: "... If an offender violates any of the rules, he may be punished as provided by the TDCJ Disciplinary Rules and Procedures for offenders. All disciplinary rules... must provide adequate notice of the conduct prohibited, and must be appropriately distrubuted, or posted." (See Doc. #9 Exhibit A)

This policy mandates that before petitioner may be found guilty/punished for any rule infraction said rule must provide notice of the conduct prohibited and must be appropriately distrubuted or posted. Thus petitioner has a liberty intrest in not being punished for a unknown (unposted) rule.

It was also overlooked that the Disciplinary Hearing Officer is to follow the Policies set by TDCJ, but in this instance he blantly ignored this policy and found petitioner guilty of a rule infraction that was not posted nor distrubuted thus he was biased.

The Supreme Court ruled: The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let

3

stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocense. See <u>Edwards v. Balisok</u>, 117 S.Ct. 1584, 1588 (1997)

The hearing officer in this case knew petitioner did not violate any posted TDCJ rule thus was innocent of any wrong doing but he ignored this fact and found petitioner guilty anyway thus he was biased and the disciplinary conviction should be reversed.

## III

In the second instance petitioner alleged his right's to equal protection were violated due to he was singled out and punished more severly than other inmates who have been found guilty of sexual misconduct. (See Doc. #9 pg 9-12) Specifically petitioner states he was punished in extreme disporportion for passive/innocent conduct (touching his wife buttocks) which was not prohibited nor posted than inmates who knowingly and blantly violate TDCJ Rules by intentionally masturbating which is clearly prohibited and posted.

The magistrate ruled: Plaintiff has not shown that TDCJ officials treated two groups differently from one another nor that any fundamental right was at stake. (See Document 11 pg. 6).

Petitioner firstly points out that there was a fundamental right at stake, the right of freedom of expression to express love to his wife by embracing

4

or holding her which is protected by the First Amendment. See <u>Hispanic Educ. Com. v. Houston Ind. Sch. Dist.</u>, 886 F.Supp. 606, 611 (S.D. Tex. 1994) (Right to free expression attaches to all individuals and individuals may exercise their right in private and public) See also <u>Sable Communications of California Inc. v. F.C.C.</u>, 109 S.Ct. 2829, 2836 (1989) (Sexual expression which is indecent but not obscene is protected by the First Amendment)

    Petitioner secondly points out that he has shown that TDCJ has treated two groups and/or two persons differently from one another. The two groups and/or persons are those who knowingly violate the rules of TDCJ (sexual misconduct) and those who had no warning that their conduct violates TDCJ Rules of sexual misconduct due to it was not posted.

    The magistrate clearly pointed out the standard that supports a equal protection claim and cited supporting case law (See Document no. 11 pg. 6) but the court seemed to have overlooked that petitioner met this standard. As pointed out in petitioners response to respondent's summary judgement motion he clearly stated that inmates who intentionally, knowingly and blantly violate TDCJ sexual misconduct rule by masturbating recieves more favorable treatment (minor punishment) while petitioner recieves more severe punishment (major punishment) for conduct that is not posted. (See Document #9 pgs 9-11)

5.

The Court cited <u>Brennan v. Stewart</u>, 834 F.2d 1248 (5th Cir. 1987) in its support of it's opinion. But the court overlooked the fact that the Brennan Court also ruled: The equal protection clause is essentially a directive that all persons similarly situated should be treated alike. Id at 1257. Citing <u>City of Cleburne Texas v. Cleburne Living Center</u>, 105 S.Ct. 3249, 3254 (1985) See also <u>PPC Enterprises, Inc. v. Texas City Tex.</u>, 76 F. Supp. 750, 757 (S.D. Tex. 1999); <u>Vera v. Tue</u>, 73 F.3d 604, 609 (5th Cir. 1996) (the same)

By petitioner being punished severly in disporportion to others for a rule infraction that he was never informed of is arbitrary and irrational which shows he was singled out and discriminated against violating petitioners equal protection rights. See <u>Bankers Life And Gas Co. v. Greenshaw</u>, 108 S.Ct. 1645, 1653 (1988) (arbitrary and irrational discrimination violates equal protection under even the Supreme Courts most differential standard of review) Due to this there is no doubt the punishment petitioner recieved was more harsh (more severe) than other inmates in the same position he was thus the officials intent and purpose for this severe punishment was to cause / have a adverse effect on petitioner further supporting a equal protection claim.

In light of the above facts petitioner objects to and ask the court to reconsider it's recommendation.

Respectfully Submitted

*Juarez Bibbs*

Juarez Bibbs 649087
3001 S. Emily Dr.
Beeville Tx. 78102

## Certificate of Service

I do hereby certify that a true and correct copy of the foregoing was mailed to the respondent's attorney by placing the same in the prison mail box on this 22nd day of December 2000, postage prepaid, addressed to:

W. Erich Dryden
Assistant Attorney General
P.O. Box 12548 Capitol Station
Austin Tx. 78711

Executed Dec. 22, 00      signed *Juarez Bibbs*

7